## BEATY & COMPANY, for use, *v.* ATLANTA AND WEST POINT RAILROAD CO.

Where an action was instituted by a nominal plaintiff alleging itself to be a corporation when in fact it was none, the action was not saved from the operation of the statute of limitations by an amendment afterwards made introducing a natural person as a party suing for the use of the original plaintiff; and the defendant, in aid of the plea of the statute, as against the new plaintiff, could plead and prove that the original plaintiff was not a corporation, the statutory bar having attached while the action was pending, and before the amendment was made.

Argued January 6,—Decided January 21, 1897.

Action for damages. Before Judge Lumpkin. Fulton superior court. March term, 1896.

*G. A. Howell,* for plaintiffs.
*Dorsey, Brewster & Howell,* for defendant.

ATKINSON, Justice.

The Texas Grate Company, alleging itself to be a corporation existing under the laws of the State of Texas, on the 9th day of September, 1884, brought a suit against the defendant, the Atlanta & West Point Railroad Company, for damages alleged to have resulted to it in consequence of a failure upon the part of the defendant company to carry and safely deliver, within a reasonable time, certain merchandise from the city of Atlanta, Georgia, to Dallas, Texas, there to be delivered to the plaintiff, or to H. M. Beaty & Company for plaintiff. No written plea was filed to this action by the defendant, but it appeared by counsel, and made defense. There was a trial of this action, resulting in a verdict in favor of the plaintiff, and a judgment refusing a new trial was reversed by this court. 81 *Ga.* 602. On the 30th of December, 1895, the plaintiff amended its declaration by alleging that H. M. Beaty & Company was a partnership composed of four named persons, and that the merchandise in question was consigned to them for delivery, and for the use and benefit of the Texas Grate Company, and said Beaty & Co. now sue in this case for the use of said Texas Grate Company; and by amendment their name was inserted as plaintiffs instead of that of the Texas Grate Company. No exception was filed to the allowance of this amendment, but the case being continued was again called for trial on the 14th day of April, 1896, at which time the defendant filed an amended plea denying the corporate existence of the Texas Grate Company, and alleging that the non-existence of that company as a corporation had come but recently to its knowledge, that the effect of the amendment theretofore allowed was to substitute H. M. Beaty & Co. as plaintiffs in the cause, and that as to them the right of action was barred by the statute of limitations. To this plea the plaintiffs demurred upon the grounds: 1st. That the defendant, not having excepted to the judgment allowing the amendment to the declaration, was concluded

thereby, and Beaty & Company, and not the Texas Grate·
Company, were the real plaintiffs. 2d. That the amend-
ment was legal and proper. 3d. That the interest of the
usce was of no concern to defendant. 4th. That the plea
came in too late as a plea of nul tiel corporation; it was a
dilatory plea which should have been filed at the first term;·
and, as an amended plea, there was nothing to amend by,
and the question was res adjudicata. 5th. That the de-
fendant, after litigating with the Texas Grate Company
for over ten years without questioning its corporate exist-
ence, could not now be heard to deny the same. 6th. That
the amendment to the declaration related back to the
commencement of the suit, and the same was not affected by
the statute of limitations. This demurrer the court over-
ruled, and refused to strike the plea. Plaintiffs introduced
testimony which made out their case upon its merits, pro-
vided it was not barred by the statute' of limitations. On
cross-examination H. M. Beaty, a witness for the plaintiffs;
over objections similar to those contained in the de-
murrer to the defendant's amended plea, was permitted to·
testify as follows: "We were an organized company doing·
business as H. M. Beaty & Co. and as the Texas Grate·
Company. H. M. Beaty, W. S. Cummins, W. F. Mister·
and J. J. Rawls were partners composing the firm of H. M.
Beaty & Co., and did business under above name. We
were H. M. Beaty & Company, and also the Texas Grate·
Company, one and the same, and we were selling the Burn-·
ham Patent Grate. We never applied for a charter from·
the State, and the Texas Grate Company was never legally·
incorporated. We elected officers and instructed our secre-
tary to apply for a charter as soon as we could get fairly to·
work with the sale of the grates; but owing to the delay in
the delivery of the grates by the defendant, we failed to·
obtain a charter and our business went to pieces."

Error was assigned upon the refusal of the court to exclude·

this testimony, and upon the conclusion of the case the court granted a nonsuit and the plaintiffs excepted.

It may be stated as elementary law, that the existence of a party plaintiff is indispensable to the maintenance of an action, and the non-existence of a plaintiff who professes to sue is always a good reply to the progress of the action, unless the defendant has in some manner been estopped from asserting the contrary. The probabilities are, in the present case, had the Texas Grate Company as a corporate entity insisted in its own name upon the prosecution of the action first instituted by itself, that the failure of the defendant to file a plea of nul tiel corporation in the first instance would have concluded it upon the question of the corporate existence of the plaintiff. But it so happens, that although the action sought to be instituted by the Texas Grate Company was a void action, for the want of a party plaintiff, the defendant, not pleading in abatement, having acquiesced in the action and contested plaintiff's right to recover for years, without a suggestion of the non-existence of the plaintiff as a corporate entity, was estopped, after pleading to the merits, to urge the invalidity of the action because of the non-existence of a plaintiff. This failure to timely call in question the existence of the plaintiff did not have the direct effect to render that valid which was theretofore void, but practically the same result follows, its effect being to cut off the defendant from the right to urge this invalidity, leaving the action as it then stood a valid action in the name of the Texas Grate Company against the defendant. It will be seen, however, from an inspection of the record, that the plaintiff sought to amend, and did in fact amend its declaration by inserting the name of another person, in whom it then alleged the cause of action to be, as using for its use, and although no exception to the allowance of this amendment was taken upon the ground that its effect was to introduce a new and distinct party, yet, in order to recover in the name of the substituted plaintiff, it was necessary to

prove the cause of action as laid by the amendment. Ordinarily the statute of limitations is suspended during the pendency of an action, and in the present case the defendant being estopped, as against the Texas Grate Company, to deny that it was competent in its own name to prosecute an action, even though under ordinary circumstances the pending suit would have been treated as void, its pendency would, in consequence of the estoppel above referred to operating in favor of the plaintiff, have had the effect, as to that company, to suspend the running of the statute of limitations so long as it was being prosecuted in the name of this plaintiff in whose favor this estoppel operated. Not so, however, as to the substituted plaintiff. As to it, there was no estoppel upon the defendant, save only upon the question as to the propriety of the allowance of the amendment by which it became a party. Nor can the mere introduction of the Texas Grate Company as the usee have any bearing upon the right of this substituted plaintiff to prosecute the action. If the Texas Grate Company as a corporation were a myth and had no existence at all, it could hold neither the legal title to, nor the equitable interest in a chose in action, and, consequently, it could neither prosecute an action, nor take the fruits of one. *Terrell* v. *Stevenson,* 97 *Ga.* 570-572. It was competent neither to demand nor to receive the sum sued for; and therefore the action should properly be treated as proceeding in the name and for the use of the substituted plaintiff. But for the bar of the statute which, in the meantime, had attached, the substituted plaintiff could prosecute the action as well as though he had originally instituted it; for, as we have seen before, no exception was taken to the judgment allowing the amendment. The defendant is concluded by that judgment, and the substituted plaintiff is the proper plaintiff in the prosecution of this action; but to say that the substituted plaintiff is a proper plaintiff and that the action may proceed in its name is one thing, and to say that as to it the

statute of limitations was suspended by the pendency of the action which had previously thereto been prosecuted in the name of the Texas Grate Company, is entirely a different thing. As long as the Texas Grate Company was prosecuting the action in its own name, the defendant was estopped to deny its corporate existence, not having timely pleaded nul tiel corporation; but when the amendment was allowed substituting a new party plaintiff, there being upon the defendant as to that plaintiff no estoppel, it was competent for it to show the non-existence of the Texas Grate Company, and that as a consequence of its non-existence, no suit could ever have been filed by it which would have suspended the progress of the statute of limitations. The ineffectual effort upon the part of the Texas Grate Company in its own name to institute the action was brutum fulmen. It was no suit. It was a void thing, and no rights could arise in favor of any person, except in its own name, and that not by virtue of any inherent power or right within itself to prosecute an action, but only because of the estoppel which arose in its favor against the defendant, and prevented it, as against the Texas Grate Company, from asserting its non-existence. The artificial barrier arising out of the doctrine of estoppel was personal, and protected the original plaintiff only, and hence when it abandoned its position, the substituted plaintiff, declaring upon the same cause of action in which the former plaintiff had no interest, legal or equitable, occupied no better position with respect to the statute of limitations than if the action had not been filed until the date of allowance of the amendment. It would have been otherwise if the original plaintiff had been competent to hold the equitable interest, so as that the action could have proceeded in the name of the substituted plaintiff for its use; but, as we have seen, this was impossible, because it was neither a natural nor artificial person, and was not legally competent to hold the legal title to, or any equitable interest in the chose in action which was the basis

of this suit. This being true, the statute of limitations was not suspended by the ineffectual effort of the original plaintiff to sue in its own name; and as it will be seen from the record that the statute had fully run and barred the right of the substituted plaintiff to recover before it became a party plaintiff to the action, the defendant was properly permitted to plead and prove the non-existence of the Texas Grate Company in aid of its plea of the bar by the statute of limitations; and this being shown by the testimony of the plaintiff, the court did not err in directing a nonsuit..

*Judgment affirmed. All the Justices concurring.*