TERRELL, for use, *v.* STEVENSON *et al.*

1. Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all cannot recover either for his own benefit or for the use of any one else.

2. A covenant of warranty of title in a bill of sale to personalty is not broken so as to authorize an action against the vendor by the vendee, merely because a third person, to whom the vendee mortgaged the property and who had purchased the same at a sale had upon a foreclosure of the mortgage, has been deprived of the property by a seizure and sale thereof

under a judgment against the original vendor of older date than the bill of sale. If, by reason of the facts recited, the purchaser at the mortgage sale acquired any right of action at all against the mortgagor, the mere existence of such right, with no attempt to enforce it, could not, of course, result in any injury to the latter; and in no event could he be legally held to have been damaged by his vendor's alleged breach of warranty before the establishment by a judgment against him of liability on his part to the mortgagee.

December 2, 1895.

Action on warranty. Before Judge Westmoreland. City court of Atlanta. May term, 1895.

*Simmons & Corrigan*, for plaintiff.
*Clinton Gowdy* and *H. M. Patty*, for defendants.

LUMPKIN, Justice.

The material facts of the present case are as follows: Stevenson and his wife, by a warranty bill of sale, conveyed certain personalty to Terrell, a part of the consideration therefor being an agreement on the part of Terrell to assume a debt due by Stevenson and wife to Grabfelder & Co. At the time this bill of sale was executed, the property was subject to the lien of certain justice's court judgments in favor of Shehan, of which fact Terrell appears to have been ignorant. Terrell gave Grabfelder & Co. a mortgage on the property to secure the debt he had assumed, and failing to pay it at maturity, the mortgage was foreclosed and the property was sold by the sheriff under the mortgage *fi. fa.*, Grabfelder & Co. becoming the purchasers at the price of two hundred dollars. Shehan then had the property sold under his *fi. fas.* against Stevenson and wife, and thus Grabfelder & Co. lost the money they had paid for it at the sheriff's sale. Thereupon Terrell brought an action for the use of Grabfelder & Co. against Stevenson and wife, in which he recovered a verdict. This verdict the court set aside on the ground that the suit could not be maintained in the name of Terrell for the benefit of Grabfelder & Co., as usees.

1. If Terrell had any right of action at all against Stevenson and wife, he could undoubtedly sue for the use of any person whom he desired to take the proceeds of the action. *R. & D. R. R. Co.* v. *Bedell & Bowers,* 88 *Ga.* 591. If Terrell had no right at all to sue, of course he could not maintain an action for the benefit of himself or for the use of any other person. So the real question is: Did Terrell, under the facts above recited, have a cause of action against Stevenson and wife?

2. It is evident that up to the time he brought his suit, Terrell had sustained no real injury. The only way in which he could be injured would be by being held liable to Grabfelder & Co. for the loss they sustained in being deprived of the property purchased by them at the mortgage sale, in consequence of its resale under the Shehan *fi. fas.* Whether or not Grabfelder & Co. could, in a proceeding at law or in equity, hold Terrell liable for this loss, is a question which need not be decided. Assuming that they could, the mere fact that they had a right of action against Terrell does not, of itself alone, give him a right to sue Stevenson and wife upon their alleged breach of warranty. Grabfelder & Co. might never seek to enforce this right or to hold Terrell responsible; and if they did not, he would have no cause of complaint against his original vendors. Again, it is an entirely unsettled matter to what extent or for what amount Terrell is liable, if at all, to Grabfelder & Co. No agreement between himself and them, as to amount or otherwise, could be binding upon the Stevensons. As to the latter, the amount of damages sustained by Terrell can only be fixed by a judgment against him in favor of Grabfelder & Co. The rule of law that no person can bring an action until he has been actually damaged is applicable here. Terrell is out nothing, and no judgment has been rendered against him subjecting him to liability. His action against Stevenson and wife was, to say the least, premature. Whether or not subsequent de-

velopments may hereafter give him a right to sue them is not now in question.   If so, the courts will be open to him.

*Judgment affirmed.*