### UNITED STATES FIDELITY & GUARANTY CO. v. BARONOVICH et al.

#### No. 7957.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1936.

Horace W. B. Smith, of San Francisco, Cal., and R. E. Robertson, of Juneau, Alaska, for appellant.

W. C. Arnold, of Ketchikan, Alaska, for appellees.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order sustaining objections of the parties to a petition in intervention filed by the appellant after decree had been rendered, wherein appellant sought an order subjecting the funds in the hands of the court to the liens or claims of the Territory of Alaska for $2,149.24 and of the Government of the United States for $1,660 for taxes.

The intervener, United States Fidelity & Guaranty Company, bases its right to invoke the jurisdiction of the court to order the tax claims of the United States and the Territory paid upon the ground that it has given bonds to the government of the United States and also to the Territory, to secure the payment of such taxes. The intervener alleges in its petition in intervention that the Kelly Packing Company, on whose behalf it executed these bonds, is insolvent; that the claims for such taxes are prior claims to those of the labor and materialmen who first invoked the jurisdiction of the court to enforce liens given to them by the laws of Alaska upon the salmon pack to which their labor and materials contributed, and that therefore the court should order these claims paid before distributing the fund to the laborers and materialmen whose claims had been fixed by the decree and declared to be liens upon the fund in the hands of the court which had been derived from the sale of canned salmon. The intervener does not attack the validity of the claims of the laboring men or materialmen, nor the decree ordering them paid from the funds in the hands of the court, other than by advancing its contention that so much of such money as is needed for that purpose must first be paid upon the above-mentioned tax claims because of their priority.

The questions thus raised are of great interest and importance. But on the threshold of the inquiry the question arises as to whether or not the intervener has any right to the fund in the hands of the court which entitles it to invoke the power of the court in its behalf.

The appellees contend, and the lower court held, that it had not. It has not paid either of the tax claims. Consequently, it has not been subrogated to the rights of the United States or of the Territory. It therefore has no interest in the fund either legal or equitable. It has invoked the jurisdiction of the court without making such payment in order to forestall the necessity of such payment by it. No case has been cited which holds that under such circumstances a surety upon a bond can exercise the rights of the payee without first discharging the bond and becoming thereby subrogated to the rights of the payee. The only case cited which bears upon the subject is Terrell v. Stevenson, 97 Ga. 570, 25 S.E. 352, cited by the appellees. In that case Stevenson and wife had conveyed certain personal property to Terrell with a warranty of title. Terrell executed a mortgage on the property to Grabfelder & Co., who foreclosed and purchased the property on execution sale. Afterward the property was taken from them under a preexisting lien of a justices' court judgment. Terrell sued Stevenson and wife for the use of Grabfelder & Co., upon the breach of warranty of title because of such lien. In disposing of Terrell's claim the court said: "The rule of law that no person can bring an action until he has been actually damaged is applicable here. Terrell is out nothing, and no judgment has been rendered against him subjecting him to liability. His action against Stevenson and wife was, to say the least, premature. Whether or not subsequent developments may hereafter give him a right to sue them, is not now in question. If so, the courts will be open to him." Applying this principle to the case at bar, it would follow that the appellant has suffered no loss and will not do so until it pays the taxes, if and when it is called upon to do so.

In this proceeding the intervener seeks to enforce an equitable interest in the fund in the hands of a court of equity before it has acquired the equitable interest. This cannot be done. The seeming hardship of this rule could have been averted by the intervener if it had paid the taxes in accordance with its agreement so to do, and had then asserted its rights by way of subrogation. That it did not do.

The order of the court refusing the application of the appellant to intervene and for an order to pay the taxes was correct. In view of this situation, it is unnecessary to consider the relative rights of the original parties to the action and of the Territory and of the United States in and to the fund now in the hands of the court.

Order affirmed.