44239. ROBERT & COMPANY ASSOCIATES et al. v. PINKERTON & LAWS COMPANY et al.

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 10, 1969— REHEARING DENIED JULY 3, 1969.

30

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for appellants.

*Swift, Currie, McGhee & Hiers, Glover McGhee, Lokey & Bowden, Glenn Frick,* for appellees.

JORDAN, Presiding Judge. 1. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irespective of all technical or arbitrary rules of construction." *Code* § 20-702.

Under the all-inclusive language of the agreement Pinkerton not only agreed to *"be responsible from the time of signing the contract, or from the time of the beginning of the first work, whichever shall be earlier, for all injury or damage of any kind resulting from this work, to persons or property"* but also agreed specifically to *"exonerate, indemnify and save harmless the county and Robert & Company Associates, from and against all claims or actions, and all expenses incidental to the defense"* thereof in *"any way connected with the work preformed under this contract"* and to *"assume and pay for, without cost to the county and Robert & Company Associates, the defense of any and all claims, litigation, and actions"* suffered through any act or omission of the contractor, subcontractor, or anyone under their supervision, or arising out of any act or omission incident to inspection or supervision by the county or its representatives. We think the language of this agreement can leave no doubt

that it was the intention of the parties that Pinkerton should indemnify Robert & Company Associates irrespective of whether any claim arose by reason of the negligence of Robert & Company Associates, or for other reasons. "If the word negligence had been used then it might be open to question that it was limited to liability only for negligence." General Acc. Fire &c. Corp. v. Smith & Oby Co., 272 F2d 581, 585 (77 ALR2d 1134). See *Kraft Foods v. Disheroon,* 118 Ga. App. 632 (165 SE2d 189).

The cases of *Massee & Felton Lumber Co. v. Ga. & Fla. R.,* 143 Ga. 173 (84 SE 468) and *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547) are clearly distinguishable on their facts, including the language of the applicable agreements, which fail to refer to acts or omission of the indemnitee as a basis for liability.

In *Massee,* an action over by a railway company against a lumber company for damages recovered from the railway company by an engineer of a logging train and a train of the railway company, the Supreme Court recognized that the agreement of the lumber company to protect the railway company from *"all damage or loss to all persons or property of all persons caused by the operations of said trains of said lumber company on the track of the said railway company"* (emphasis supplied) did not, as interpreted by its own words and its context, include an assumption of liability caused by the negligence of the railway company to persons operating trains of the lumber company.

In *Batson-Cook* the general contractor had settled an action based on its negligence as the "sole cause of injuries" to an employee of the subcontractor, and sought indemnity from the subcontractor. The subcontractor, as the indemnitor, had agreed to protect the contractor, as the indemnitee, for losses *"in connection with or to have arisen out of or resulting from the performance of the work by the subcontractor, his subcontractors, agents, servants and employees."* This court, relying on *Massee,* recognized the absence of any intention to cover losses resulting from the indemnitee's negligence.

Thus, while these cases do stand for the proposition that an action over under a contract cannot be sustained unless the

agreement expresses plainly, clearly, specifically, and unequivocally the intention to include indemnification for losses arising from the indemnitee's acts, the contract here involved does disclose such an intent, in clear terms leaving no doubt as the intention of the parties.

The Supreme Court in *Terrell v. Stevenson*, 97 Ga. 570, 572 (25 SE 352), recognized that under the facts of that case Terrell had sustained no loss, and stated that this would not occur until "fixed by a judgment against him" because "[t]he rule of law that no person can bring an action until he has been actually damaged is applicable here," but we do not regard that decision of such broad application as to mean that a judgment fixing legal liability is an absolute condition precedent where a contract of indemnity is involved, which by its terms does not fix liability in terms of an antecedent judgment.

In *Southern Nitrogen Co. v. Stevens Shipping Co.*, 114 Ga. App. 581 (151 SE2d 916) this court was dealing with a situation where the plaintiff did not rely on a warranty or contract of indemnity, and was apparently proceeding ex delicto (p. 585) and the court noted that although the Supreme Court in the *Terrell* case apparently entertained the view that a judgment against the indemnitee was essential to maintain an action against the indemnitor, the real deficiency in the case then under consideration was the absence of any allegation to afford a basis to prove an actual legal liability. In the present case the indemnitor agreed to save the indemnitee harmless "from and against all claims" and to cover "all expenses incidental to the defense of any such claims, litigation, or actions."

We think that under the terms of this contract the actual legal liability of the indemnitor would be those expenses incurred by the indemnitee in defending actions having a probable basis on which to establish legal liability, plus the cost of settling such actions, if the indemnitee alleges that it did defend and settle such claims, and if it appears by preponderance of evidence to the satisfaction of a trior of fact, that the expenses incurred thereby were reasonable, and that the amounts paid in settlement of the actions were reasonable and not in excess of what the claimants could have reasonably expected to obtain,

under the facts and applicable law, had the cases been allowed to proceed to verdict and judgment.

While the ruling before the court is somewhat analogous to an order sustaining a general demurrer under former practice, the former practice required a strict construction against one purporting to state favorably the essential issues to support a cause of action, whereas the present practice requires a liberal construction in favor of one purporting to give notice of a claim. Viewing the petition under the present practice requirements, we think the allegations are more than ample to state a claim against Pinkerton under the provisions of the alleged indemnification agreement.

2. Nothing appears in the alleged indemnity agreement to place Murphey in the same contractual status as Pinkerton, however, but Robert & Company contends that it has a claim against Murphey, as well as Pinkerton, under an implied contract of indemnity. While we distinguish the *Terrell* and *Southern Nitrogen* cases, supra, because of the actual contract of indemnity in the present case, we do consider the principles recognized in these cases as controlling to defeat an action over under an implied contract of indemnity, and thus support the action of the trial court in respect to Murphey, because it is manifestly clear from the petition that Robert & Company, in settling the claim against it did not act under the compulsion of a judgment fixing actual legal liability, and which, in relation to Pinkerton and Murphey, is of a vicarious nature, thereby affording Robert & Company, as the defendant in that action, the basis for a claim against the true tortfeasor or tortfeasors. In addition to the cases above cited, see *Central of Ga. R. Co. v. Macon R. &c. Co.*, 9 Ga. App. 628 (71 SE 1076).

3. It follows from the above that the trial judge erred in dismissing the petition as to the defendant Pinkerton.

*Judgment reversed as to the appellee, Pinkerton & Laws Company, but otherwise affirmed. Hall and Whitman, JJ., concur.*