**William W. McKEE**

v.

**SOUTHERN RAILWAY COMPANY**

v.

**DRASCO, INC., formerly known as David Round & Son, Inc.**

**Civ. A. No. 13034.**

United States District Court,
N. D. Georgia.
Atlanta Division.

June 11, 1971.

Ross & Finch, Atlanta, Ga., for plaintiff.

Herman H. Buckner, Marietta, Ga., Greene, Buckley, DeRieux & Jones, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This motion before the Court is one for summary judgment which is grounded upon lack of jurisdiction.

### OUTLINE OF FACTS

The case before the Court is one based upon tort, arising out of an injury received by plaintiff McKee while he was working within the scope of his employment upon the premises of his employer, defendant Southern Railway Company.

The Complaint alleges that while in the performance of his duties, a fellow servant negligently caused a part of a large crane to strike a smaller jib crane manufactured by the third-party defendant, thereby causing the smaller jib crane to suddenly strike plaintiff, causing him injury.

Defendant filed a third-party complaint against Drasco, Inc., formerly known as David Round & Son, Inc. and David Round and Son, Inc., formerly known as Edward Richards & Associates, Inc., alleging defective manufacture of the smaller crane. The basis of this action is negligence and breach of warranty. A stipulation was filed dismissing the third-party complaint as to David Round & Son, Inc., formerly known as Edward Richards & Associates, Inc.

The third-party defendant Drasco, Inc., was incorporated and is existing under the laws of Ohio. It was engaged in manufacturing cranes and hoists, among other items. In the pursuit of its business, it sold the crane in question to Southern in 1960. There is no indication or allegation that the third-party defendant systematically carried on any business in Georgia or gained substantial revenues from within Georgia (other than from Southern) nor for that matter does it appear that the third-party defendant ever transacted any business *within* the State of Georgia. It is uncontradicted that the sale of seven cranes was consummated in Ohio with delivery to Southern in Ohio in 1960.

The question of lack of jurisdiction was in part presented to the Court previously which was concluded in the Order of the Court dated August 6, 1970, 50 F.R.D. 502, dismissing the motions to dismiss by the third-party defendant. That motion was directed toward § 24–113.1 (1968 Amend.) of the Ga.Code Ann. Movants argued that the section could not be applied to a cause of action against a corporation arising prior to the effective date of the 1968 amendment to the "long-arm" statute.

Prior to 1968, § 24–113.1 read in pertinent part as follows:

"Personal jurisdiction over non-residents of State. A court of this State may exercise personal jurisdiction over any non-resident, or his executor or administrator, as to cause of action arising from any of the acts, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he

(b) Commits a tortious act within this State * * *."

Section 24–117 was amended in The Acts of 1968 to define a non-resident as including,

"A corporation which is not organized or existing under the laws of this State and is not authorized to do or transact business in the State at the time a claim or cause of action under Section 24–113.1 arises."

In its prior motion, third-party defendants Round and Drasco argued that this section was not retroactive so as to include corporations under the long-arm statute. A Pre-1968 Amendment case, Wilen Mfg. Co. v. Standard Products Co., C.A. 5th Cir., 1969, 409 F.2d 56 in reversing the trial court, held that the Georgia long-arm statute did apply to corporations.

Defendants Round and Drasco were obviously attempting to show that such ruling would not affect it by contending that there was no retroactive effect.

This Court, in that Order of August 6, 1970, in effect, ruled that whether it was retroactive or not was irrelevant. This Court held that the cause of action against the third-party defendants Round and Drasco rested in third-party plaintiff Southern Railway at the time it was made a defendant by plaintiff. As such, Southern was suing to be indemnified by Round and Drasco. The cause of action by Southern against Round and Drasco did not accrue until Southern was sued, on August 21, 1969. That date was after the Amendment, thus, apparently making foreign corpo-

rations amenable to suit since Southern was sued after the legislature, in 1968, defined foreign corporations as being non-residents within the meaning of § 24–113.1.

The Court in that Order of August 6, reasoned the Southern had no cause of action for indemnity until it was sued. The Court cited 3 Moore's Federal Practice Par. 14.09; 42 C.J.S. Indemnity § 21. The Court emphasizes that this was the law of Georgia on August 21, 1969. Southern Nitrogen Company v. Stevens Shipping Company, 1966, 114 Ga.App. 581, 151 S.E.2d 916, and Robert and Co. Associates v. Pinkerton and Laws Company, June 10, 1969, 120 Ga.App. 29, 169 S.E.2d 360 adhere to the general rule. Cf. Terrell v. Stevenson, 1895, 97 Ga. 570, 25 S.E. 352.

However, the Georgia Supreme Court in November 1969, approximately nine months after *Wilen* was decided, held in Bauer International Corp. v. Cagles, Inc., 225 Ga. 684, 171 S.E.2d 314 (1969) that a corporation was not a "non-resident" under the law (§ 24–113.1) as it existed in 1966. Even though that case established that the amendment defining a non-resident was not retroactive, the cause of action arising as to Southern was not vested until it was sued in 1969.

However, a decision by the Court of Appeals of Georgia attracts the Court's attention.

In the case of O'Neal Steel, Inc. v. Smith, 120 Ga.App. 106, 169 S.E.2d 827, decided June 30, 1969, Reh. Den. July 16, 1969, Cert. Granted September 9, 1969, the Court of Appeals there interpreted § 24–113.1, as amended in 1966, declaring:

> "The plain language of our statute requires that the tortious act be committed *within* the state, and we are unable to agree that this language can be construed as synonymous with 'commits a tortious act *without* the state which causes injury within the state.' "

Notwithstanding the Court's interpretation of the "long-arm" statute as it existed before the 1968 Amendment, the issue remains unresolved, for the Court of Appeals, in 1970, upon remand of *O'Neal* from the Georgia Supreme Court vacated the case in its entirety as moot. The question remains open insofar as the existing cause is concerned. But, it has been settled by the legislature as to any cause arising after March 20, 1970. For, in that year, the Georgia Legislature amended Section 24–113.1 in the following language:

> "24.113.1. Personal jurisdiction over nonresidents of state.—
>
>     \*    \*    \*    \*    \*    \*
>
> (c) Commits a tortious injury in this State caused by an act or omission outside this State if the tort feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State \*  \*  \*."

The Court is of the opinion that there was no legislative intent to subject foreign corporations to the "long-arm" statute under the 1968 amendment of § 24.-113.1. The intent was enacted in the 1970 Amendment. Consequently, while a foreign corporation was subject to service of process after the 1968 amendment, the Court concludes that there was no power to subject the alleged tort feasor to this jurisdiction for an injury occurring in this State caused by an act or omission outside this State.

The Georgia Courts left this question open, yet they did speak on it in *O'Neal*, indicating that a single act occurring without the State, but with the injury occurring within, is not a tortious act subjecting third-party defendant to the jurisdiction of the Court. And, as mentioned, it would appear that the Georgia legislature did not intend for that jurisdiction to attach until it passed the 1970 amendment.

Since *Bauer* held that such a statute would not have retroactive effect, the 1970 amendment would have no application to this action. For the enumerated reasons, we hold that the third-party de-

fendant is entitled to judgment for lack of jurisdiction over it.

Other motions pending in this case have been resolved through pretrial proceedings and are no longer ripe for decision.

It is ordered and adjudged that Drasco, Inc. be dismissed as third-party defendant.

It is so ordered this 11th day of June, 1971.