**William W. McKEE**

v.

**SOUTHERN RAILWAY COMPANY**

v.

**DRASCO, INC. formerly known as David Round & Son, Inc.**

**Civ. A. No. 13034.**

United States District Court,
N. D. Georgia,
Atlanta Division.

July 22, 1971.

**1200**

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Herman H. Buckner, Marietta, Ga., Greene, Buckley, De Rieux & Jones, Atlanta, Ga., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for third-party defendants.

Before William C. O'Kelley, U. S. District Judge.

## ORDER

O'KELLEY, District Judge.

On June 11, 1971, 327 F.Supp. 905, this Court entered an Order dismissing the third-party defendant, Drasco, Inc., on jurisdictional grounds. On June 21, the defendant filed a motion for reconsideration of that order. Since that time, the Court has held a hearing and the parties have thoroughly briefed and re-briefed the issue of jurisdiction of the third-party defendant.

The parties have called the Court's attention to a decision of this Court, Griffin v. Air South, Inc., 324 F.Supp. 1284. As previously pointed out, the Georgia courts have not spoken directly on the point before the Court. Thus, it has be-come the Court's problem of predicting or anticipating what the Georgia Courts will do. Most of the decisions and authority interpreting the particular code section in issue, to wit: Georgia Code Ann. 24–113.1, have been decided in this Court. These opinions have been very liberal in holding jurisdiction.

In view of the Griffin v. Air South, Inc., *supra,* and in order for the rulings of this Court to be consistent and uniform, the Court does hereby set aside its Order of June 11, 1971 and does overrule the motion for summary judgment filed by the defendant Drasco.

In view of this reversal on the part of the Court, the counsel for the third-party plaintiff and counsel for the third-party defendant are directed to confer and prepare an amendment to the pretrial order governing the conduct of the case as relating to the third-party claim.