**DROKE HOUSE PUBLISHERS, INC.**

v.

**ALADDIN DISTRIBUTING CORPORATION et al.,**

Civ. A. No. 15343.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 3, 1972.

---

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for plaintiff.

Anthony F. Spina, Elmwood Park, Ill., Jones & Thomas, Atlanta, Ga., for defendants.

### ORDER

ALBERT J. HENDERSON, Jr., District Judge.

In this suit for alleged unfair competition and copyright infringement, the plaintiff filed a motion to add Jeron King Criswell as a party plaintiff. Subsequently, the defendants moved to dismiss on the ground of improper venue.

The plaintiff, a non-Georgia corporation, brought this action against the defendants who allegedly sold and publish-

ed "reprints" of one of Criswell's books. The seller-defendants, Georgia corporations, are no longer parties, having agreed to a consent order enjoining them from future sales of the books. The remaining party defendants are Illinois publishing corporations and Illinois residents.

The defendants object to the plaintiff's motion on the ground that the addition of another plaintiff would cause an undue burden on the defendants since they would be required to defend similar suits in this district and in the U. S. District Court for the Central District of California where Jeron King Criswell is the plaintiff.

In view of Rule 20, Fed.R.Civ.P., providing for permissive joinder of parties, and the fact that the movant, Jeron King Criswell, alleges that he will voluntarily dismiss the statutory copyright infringement claim pending in California federal court, there seems to be no valid reason why the motion should not be granted.

If, in fact, the California federal court action is dismissed, the defendants' opposition to plaintiff's motion would become moot. The defendants, having no multiple litigation to defend, would then be under no undue burden. Additionally, the use of Rule 20 is particularly applicable to a situation such as this. All claims by the complaining parties arise "out of the same transaction, occurrence, or series of transactions or occurrences. . . ."

Accordingly, the motion to add Jeron King Criswell as a party plaintiff will be granted upon the receipt by the court of written notice filed in the office of the clerk indicating that the suit styled Criswell v. Aladdin Distributing Corp., et al., Civil Action No. 72–731–MML (C. D.Cal.1972) has been dismissed by the plaintiff in that case.

More importantly the defendants' motion to dismiss raises the question of whether jurisdiction and venue properly lie in this court. Original jurisdiction is vested in the district courts for copyright actions and claims of unfair compe-

# 1064

tition related thereto.[1] The venue and personal jurisdiction of such copyright cases is the district where the defendant or his agent "resides or may be found" (emphasis added).[2] The problem at hand therefore is whether the remaining defendants or their agents "may be found" in the Northern District of Georgia.

■ 28 U.S.C. § 1400 does not impose a restrictive standard for determining whether personal jurisdiction is present. This proposition was stated recently by the court in Boltons Trading Corp. v. Killiam, 320 F.Supp. 1182 (S.D.N.Y. 1970):

> Title 28 U.S.C. § 1400 governs both personal jurisdiction and venue in a copyright action. . . .
>
> . . . . . . .
>
> It has also been recognized that the copyright statute does not require a stronger finding of presence with its reference to 'may be found' than is usually required in order to obtain jurisdiction over a corporate defendant. Backer v. Gonder Ceramic Arts, Inc., 90 F.Supp. 737 (S.D.N.Y.1950). In other words, the standard is the same whether jurisdiction is determined with reference to the New York

long arm statute . . . and its standard of 'transacting business' or with references to the copyright statute.

■ This analysis of the scope of jurisdiction and venue in 28 U.S.C. § 1400 (a) was approved by the Fifth Circuit Court of Appeals in Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966). The court there held that if venue (and/or jurisdiction) through the use of the state "long arm" statute is present to satisfy the requirements of 28 U.S.C. § 1391(c) then they are sufficient to meet the "less restrictive standard of [28 U.S. C.] § 1400(a)" at p. 697. The court added, "This is not to say that 'doing business' and 'found' are precise equivalents. A corporation may be found where it is not doing business. But if [it] is doing business in a district for § 1391(c) purposes, it may be found there for the purposes of § 1400(a)" at p. 698. Therefore, if jurisdiction and venue can be found in Georgia by the use of the Georgia "long arm" statute, then this court properly can hear this case.

■ The Georgia "long arm" statute,[3] following the more progressive legisla-

1. 28 U.S.C. § 1338. Patents, copyrights, trade-marks and unfair competition

    (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.

    (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws.

2. 28 U.S.C. § 1400. Patents and copyrights

    (a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

    (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or

where the defendant has committed acts of infringement and has a regular and established place of business.

3. Ga.Laws 1970, p. 443, amending Ga. Code Ann. §§ 24–113.1 to 24–118 (Supp. 1969). The Act provides:

    Section 1. A court of this State may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

    (a) Transacts any business within this State; or

    (b) Commits a tortious act within this state . . . ; or

    (c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue

tive trend initiated by the Illinois "long arm" statute and the decision thereunder of Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), provides for something less than the old "doing business" or contacts rule which required a regular and systematic course of activity in a state to qualify for jurisdiction in that state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945). The amendments to the Georgia "long arm" statute made in 1968 and 1970 indicate the intention of the Georgia General Assembly to expand the statute to its fullest extent and therefore meet the preferred more liberal view. See, Griffin v. Air South, Inc., 324 F.Supp. 1284, 1288, 1289 (N.D.Ga. 1971); McKee v. Southern Railway Co., 327 F.Supp. 905, 907 (N.D.Ga.1971).

The evidence at a July 16, 1971, hearing in this case indicates that the required facts are present to apply the Georgia long arm statute here. The testimony reveals that the non-resident defendants shipped the alleged infringing book to the previously dismissed Georgia defendants for sale and distribution by the resident defendants. Furthermore, it was established that the non-resident defendants regularly shipped various magazines, books and news articles into Georgia for distribution pursuant to a consignment type of business arrangement with the resident (Georgia) defendants. The evidence clearly indicates the transaction of business in this state and the commission of the alleged tortious acts in Georgia within the meaning of Ga.Code Ann. § 24–113.1(a) and (b) and thus, jurisdiction and venue in this district pursuant to 28 U.S.C. § 1400 (a). See, Time v. Manning, *supra*.

■ ■ In summary, state "long arm statutes may be used to establish service of process, venue and in personam juris-

from goods used or consumed or services rendered in this State; or
(d) Owns, uses or possesses any real property situated within this State.

diction in copyright infringement cases and the jurisdictional and venue standards found in 28 U.S.C. § 1400(a) should be applied liberally. Time v. Manning, *supra*; Boltons Trading Corp. v. Killian, *supra*. Considering the facts of this case, it is obvious that the defendants "may be found" in this district pursuant to 28 U.S.C. § 1400(a) and their objection to jurisdiction must be rejected.

It is further contended by the plaintiff that the attempt of the non-resident defendants, at this late date, to assert the question of venue and in personam jurisdiction is without merit because they failed to affirmatively raise the issue previously and thus waived their right to object now. From an examination of the pleadings it is apparent that the affirmative defenses of Rule 12(b) and (h), Fed.R.Civ.P., were not included in the pleadings of the defendants. In a similar case, although involving a patent infringement, the defendant moved to dismiss for lack of jurisdiction and improper venue. Textron, Inc. v. Maloney-Crawford Tank & Manufacturing Co., 252 F.Supp. 362 (S.D.Tex.1966). In reviewing the defendants' motion, the court, referring to the defendants' general denial of personal jurisdiction and venue in its answer, stated that:

[t]his general denial is not sufficient to raise a question of venue. Defendant has put the merits of the case in issue without raising the venue question, and consequently waived its right to the defense.

At 364. See also, Croney v. Louisville & Nashville Ry. Co., 14 F.R.D. 356 (S.D. N.Y.1953).

Accordingly, the plaintiff's motion to add Jeron King Criswell as a party plaintiff is granted upon the conditions hereinbefore provided, and the defendants' motion to dismiss for lack of jurisdiction and venue is denied.

For a general discussion of Ga.Code Ann. § 24–113.1, see 22 Mer.L.Rev. 451 (1971).