### 50517. SEABOARD COAST LINE RAILROAD COMPANY v. DOCKERY et al.

MARSHALL, Judge.

This is an appeal from the granting of a motion in favor of the appellee for judgment on the pleadings against the appellant with respect to the third-party complaint filed by the appellant against the appellee.

On April 25, 1973, R. B. White was killed in a collision involving a truck operated by White and a railroad train being operated by appellant, Seaboard Coast Line Railroad Company, hereinafter referred to as Seaboard. The collision occurred at the intersection of Vickers Street and the railroad track of Seaboard within the city limits of Ambrose in Coffee County, Georgia. At the northwestern corner of the intersection of Vickers Street and the track of Seaboard in Ambrose, there are certain premises which at the time of the collision were

being leased by Seaboard to appellee, George Dockery, who traded as Ambrose Fertilizer Company.

Subsequently Helen N. White, widow of the deceased, filed an action in Coffee Superior Court against Seaboard and its engineer, Karl Younginer. Mrs. White's complaint alleged that as her husband approached the intersection, his view of the railroad track and the approaching train were obstructed by railroad tank cars and also by buildings and storage tanks situated near the railroad track and that the location of the tank cars, storage tanks and other buildings proximately caused the death of her husband. Seaboard and its engineer Younginer filed answers to the complaint in which they denied any liability to the plaintiff. Subsequently, Seaboard filed a third-party complaint against the third-party defendant Dockery, appellee, in which Seaboard alleged that on May 12, 1969, prior to the date of the collision, Seaboard and Dockery entered into a lease agreement covering the premises located at the intersection in question and further alleged that the lease agreement and the terms therein provided that Dockery, as lessee, was or might be liable to Seaboard for all or part of any recovery which plaintiff White might obtain against the railroad in the action. Pertinent paragraphs of the lease agreement referred to in the third-party complaint of Seaboard are, as follows:

Paragraph 8 of said lease agreement between the appellant and the appellee provides as follows:

"Lessee shall and does hereby assume and agree to indemnify and save harmless Lessor, its successors and assigns, from and against all loss, costs, expense, claims, suits and judgments, including attorneys fees, whatsoever in connection to injury to or death of any person or persons, or loss of or damage to property caused by or in any way connected with Lessee's use of the leased premises, whether such injury, death, loss, or damage results from any cause whatsoever; provided, however, that if any claim or liability other than from fire shall arise from the joint or concurring negligence of Lessor and Lessee it shall be borne by them equally . . .."

Paragraph 9 of the aforementioned lease between the appellant and the appellee provides as follows:

"(a) It is expressly understood and agreed that Lessee shall have the right and privilege of constructing, maintaining and using the structure listed below and shown in yellow on said attached print, adjacent to Lessor's northeasternmost track:

"(i) The eaves along the southwest side of a building commencing at the northwestern end of the premises described herein and extending southeastwardly 70 feet at a minimum clearance of 7.2 feet northeastwardly, measured at right angles from the center line of said northeasternmost track, at a height of 13 feet above the top of rail of said track.

"(b) Notwithstanding the provisions of Article 8 or any other provision hereof, by reason of the additional hazard created by said structure and in consideration of the Lessor agreeing, notwithstanding such hazard, to operate with its equipment and employees over said track, the Lessee shall and does hereby assume responsibility for and agrees to indemnify and hold harmless the Lessor, its successors and assigns, from and against all loss, costs and expenses, including attorneys' fees, claims, suits and judgments whatsoever in connection with injury to or death of any person or persons or loss or damage to property, including property of the Lessee, caused by or in any way connected with the installation, maintenance, use, operation or presence of said structure, or removal thereof, whether resulting from the operation of engines or cars on said track or from any cause whatsoever, and whether such injury, death, loss or damage results from negligence of Lessor, its agents or otherwise."

The structure which was authorized by paragraph 9 of the lease was placed at the northwest corner of the intersection of Vickers Street and the track of Seaboard in Ambrose.

The case was pretried and subsequently appellee Dockery filed a motion for judgment on the pleadings against Seaboard as to the third-party complaint. The trial court granted Dockery's motion on January 10, 1975, and a certificate for immediate review was obtained.

The issue presented in this case is: Did the trial court err in granting Dockery's motion for judgment on the

pleadings, when Dockery had been made a third-party defendant by Seaboard's third-party complaint on the basis of indemnity clauses in favor of Seaboard contained in the lease agreement? *Held:*

The trial court erred in granting appellee Dockery's motion for judgment on the pleadings and must be reversed.

Rule 12 of the Civil Practice Act, found in Code Ann. § 81A-112 (c) provides the rule concerning the motion for judgment on the pleadings. This court held in *Gulf Am. Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663): " 'After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.' *Code Ann.* § 81A-112 (c). 'For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment.' 2A Moore's Federal Practice 2269, § 12.15." It is noted that appellee Dockery alleged in his motion for judgment on the pleadings that the third-party complaint filed by Seaboard failed to state a cause of action against Dockery. This contention is defective on its face, in that under the Civil Practice Act, "A complaint is not required to set forth a cause of action, but need only set forth a claim for relief . . ." *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695). " '. . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' " Ibid. Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *White v. Augusta Motel &c. Co.,* 119 Ga. App. 351 (167 SE2d 161). "On a motion to dismiss, a complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor . . . The plaintiff is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if

contrary inferences are also possible . . . The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cits.]" *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260).

It is apparent from the record that the third-party complaint of Seaboard alleged and would permit proof that, by reason of the suit for damages brought by Mrs. White, the existence of a contract containing provisions whereby the lessee (Dockery) would indemnify the lessor (Seaboard) under certain specified circumstances involving structures situated upon the leased premises, and the allegation of the involvement of the said structures in Mrs. White's complaint against Seaboard, the appellee Dockery might be liable to Seaboard for all or part of any judgment rendered against Seaboard. When so viewed it is apparent that Seaboard's third-party complaint was clearly sufficient to withstand a motion for judgment on the pleadings.

The most significant legal question involved in this appeal is whether or not an indemnification clause in a lease contract between a railroad and the lessee of a warehouse or other structure situated on railroad property is enforceable. One of the first cases decided by a Georgia appellate court concerning indemnity clauses in lease contracts of this nature was *Blitch v. Central R. Co.,* 122 Ga. 711, 714 (50 SE 945). The following language from this case has considerable bearing on the case before us: "The railroad company granted to the plaintiff a valuable concession, viz., the right to maintain a warehouse on its right of way. Apparently no money consideration passed for the grant of this right. But it was the evident intention of the company, as disclosed by the contract in evidence, to stipulate against any increased risk on its part which might arise by reason of the grant of this concession; and therefore it was provided that the tenant should both release and indemnify the company against any loss or damage to buildings, by fire or otherwise, growing out of the occupancy of the right of way by the plaintiff's warehouse. This construction seems to us the only reasonable one that can be given the

agreement."

A key requirement used by the appellate courts in the interpretation of such indemnity clauses is expressed in the opinion in *Bohannon v. Southern R. Co.*, 97 Ga. App. 849, 855 (104 SE2d 603) where the court states the rule, as follows: "The rationale of all these cases is that when the party seeking to indemnify itself or absolve itself from the consequences of its own negligence does so in unequivocal terms, the contract terms will be given effect, but no such result will be read into the contract by implication." Both paragraphs 8 and 9 of the lease make specific reference to negligence.

Appellant Seaboard relied on four enumerations of error in its appeal. The first enumeration is that the trial court erred in concluding that the allegations of negligence set forth in White's contentions in the pre-trial order in the trial court did not state any acts of negligence that would be attributable or connected with the appellee, Dockery. With this enumeration of error we agree and hold that the trial court did err in reaching such conclusions. It is apparent from a reading of the contentions of White that White contended that appellee Dockery was negligent in placing or locating the tanks and buildings so that they formed an obstruction to the view of the plaintiff Mrs. White's deceased husband as he approached the intersection of the street and the railroad track.

Appellant Seaboard's second enumeration of error was simply that the trial court erred in concluding that Seaboard's petition affirmatively showed that there was no cause of action shown and alleged against appellee Dockery. This enumeration of error has been covered in an earlier portion of this opinion and it is apparent that the trial court did err in reaching such a conclusion.

The third enumeration of error made by Seaboard was that the trial court erred in concluding that appellant Seaboard made such an agreement with the contentions of plaintiff Mrs. White in the pre-trial order with respect to the alleged acts of negligence on the part of Seaboard and its engineer Younginer as would constitute an admission on the part of Younginer and Seaboard that judgment on the pleadings should be granted in favor of Dockery. A

careful study of the records reveals that Seaboard made no such agreement in the pre-trial order, and it was erroneous for the trial court to reach such a conclusion.

The fourth enumeration of error is basically a repetition of the second enumeration of error in that it contends that the trial court erred in granting the motion of Dockery for judgment on the pleadings against Seaboard with respect to the third-party complaint. For reasons already stated in this opinion, this enumeration of error was meritorious.

Appellee Dockery, in his brief, relies upon the cases of *Bohannon v. Southern R. Co.,* supra, and Southern R. Co. v. Coca-Cola Bottling Co., 145 F2d 304, cited in 14 ALR3d 487. These cases are distinguishable in that they are both cases in which the plaintiff and defendant were the parties to the contract, whereas in the present case the plaintiff is a stranger who had no part in the formation of the lease agreement and did not execute same. These two cases stand for the proposition that a promisee may not fault a promisor for performing such acts as he agreed to do. These cases do not in any way support Dockery's contention, which in effect is that Dockery cannot be held liable to anyone in the world because his course of action was prescribed in a lease agreement which was entered into by Seaboard.

Dockery urges in his brief that Seaboard and Dockery were in an unequal bargaining position when the lease agreement in question was negotiated and executed. We have examined the record carefully and we do not find any portion of the record which supports this contention. Dockery submitted no affidavits or other evidence in support of this contention. The mere statement in appellee's brief that Dockery is an "individual small-town business man" is not sufficient in itself to demonstrate any unequal bargaining positions since we have known many very intelligent and very capable individual small-town businessmen. The record in this case is simply devoid of any evidence to support Dockery's contention that he and Seaboard were in unequal bargaining positions when the lease agreement was executed.

In his brief, Dockery also urges that enforcement of

the lease contract between Seaboard and Dockery violated public policy in Georgia.

Dockery, in basing the argument as to public policy on Code § 94-503, ignores the fact that the Code section imposes a duty upon the railroad company which is owed to the plaintiff, not to Dockery, and nothing in the lease purported to alter or modify that duty or otherwise impair the right of the plaintiff to recover damages from the railroad if it failed to discharge the duty required under the Code section.

Furthermore, it should be noted that the collision on which this case arose occurred on April 25, 1973. On April 18, 1973, a law published in Ga. L. 1973, p. 947, was enacted which repealed Code § 94-503.

For the foregoing reasons, we conclude that the trial court erred in entering judgment on the pleadings in favor of appellee Dockery and against Seaboard Coast Line Railroad.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 14, 1975 — REHEARING DENIED JULY 31, 1975 —

*Jay, Garden & Sherrell, H. J. Quincey, John Edward Smith, III,* for appellant.
*Farrar & Farrar, Arthur C. Farrar, Lee R. Williams, William B. Evans,* for appellees.