65668. FOSTER v. KENIMER et al.
65669. COFER et al. v. KENIMER et al.

McMURRAY, Presiding Judge.

This is a slip and fall case. Plaintiff Foster's amended or recast complaint names as defendants, Ruth M. Kenimer, d/b/a Star Cleaners, the lessee of the premises engaged in a dry cleaning and laundry business, and defendants Cofer and Beauchamp, the owners of the premises in question, as joint tortfeasors.

Plaintiff's complaint alleges that she was on the premises as an invitee (a customer of the business operated there) and that when leaving she slipped as she walked down the steps at the entrance to the premises. Plaintiff alleged that the steps were painted with a slick and smooth type of paint, which when covered with water, as they

were on the date in question due to rain, became slippery and hazardous. The steps were alleged to have been painted with the slick and smooth type paint by or at the direction of defendants Cofer and Beauchamp. Defendant Kenimer is alleged to have allowed the condition to exist at the only entrance to her cleaners without providing for the safety of those who used the steps.

Defendants Cofer and Beauchamp filed their cross-claim against defendant Kenimer alleging that, by virtue of provisions of the lease agreement as to the premises, defendant Kenimer accepted the premises in "as is" condition, agreed to take responsibility for maintenance and repairs, and to indemnify and save harmless defendants Cofer and Beauchamp against all claims for damages arising from use or occupancy of the premises. Defendants Cofer and Beauchamp sought by their cross-claim to recover from defendant Kenimer any judgment rendered against them in favor of plaintiff and attorney fees for the defense of plaintiff's action.

Defendants Cofer and Beauchamp moved for summary judgment on their cross-claim against defendant Kenimer. This motion for summary judgment was denied.

All three defendants moved for summary judgment against plaintiff. Their respective motions for summary judgment were granted.

Plaintiff appeals from the grant of summary judgment in favor of defendants. Defendants Cofer and Beauchamp appeal from the denial of their motion for summary judgment against defendant Kenimer as to their cross-claim. *Held:*

1. Plaintiff's allegations, as to the characteristics of the paint and as to the fault of defendants in regard to application of the paint in question or in allowing the condition of the steps so painted to continue to exist, are not pierced. Pleadings which have not been pierced create issues for jury resolution. *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 22 (2) (232 SE2d 369); *Cowart v. Five Star Mobile Homes,* 161 Ga. App. 278, 280 (291 SE2d 13).

The record discloses that the plaintiff was aware of the weather conditions which resulted in water being present on the stairs. Plaintiff states in her affidavit that as she started to leave the premises she noticed that there was water on the steps. However, plaintiff's affidavit states that it was not until after her fall that she examined the steps and noticed that they were concrete painted with a smooth and slick enamel type paint.

Plaintiff's complaint clearly avers that the hazard which caused her fall was created by the combination of (1) water on the steps (a foreign substance) and (2) the smooth and slick paint on the steps (a defect). Plaintiff's acknowledged notice of the water cannot

reasonably be viewed as notice of the second component of the alleged hazard, the smooth and slick paint on the steps.

Issues of material fact appear to exist as to each of the two elements set forth in *Moss v. Atlanta Housing Auth.*, 160 Ga. App. 555 (287 SE2d 619), which must be proven in order for plaintiff to recover ((1) fault on the part of defendants, and (2) ignorance of the danger on the part of the invitee). Therefore, the trial court erred in granting summary judgment in favor of defendants and against plaintiff. Accord *Pippins v. Breman,* 152 Ga. App. 226 (262 SE2d 477) (a defect case). We find nothing in *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (138 SE2d 77), to the contrary as there is no evidence that the paint in question in the case sub judice is a material commonly accepted in the building industry as a floor covering.

2. Defendants Cofer and Beauchamp acknowledge the proposition that "[g]enerally an indemnity agreement will not be sustained against the indemnitee's own negligence unless the agreement spells out the indemnitee's obligation in unequivocal terms." *Liberty Mut. Ins. Co. v. Alsco Constr.,* 144 Ga. App. 307 (240 SE2d 899). Notwithstanding this, defendants Cofer and Beauchamp contend that the indemnity agreement in their lease with defendant Kenimer satisfies this requirement.

Defendants Cofer and Beauchamp rely most heavily upon our decisions in *Robert & Co. Assoc. v. Pinkerton & Laws Co.,* 120 Ga. App. 29 (169 SE2d 360), while defendant Kenimer's argument draws heavily from *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547), which was distinguished in the *Robert & Co. Assoc.* case partially on the basis of "the language of the applicable agreements, which fail to refer to acts or omission of the indemnitee as a basis for liability." *Robert & Co. Assoc. v. Pinkerton & Laws Co.,* 120 Ga. App. 29, 32, supra. The case sub judice apparently should also be distinguished as the indemnity clause in the lease before us also fails to refer to act or omission (or negligence) of the indemnitee (defendants Cofer and Beauchamp). The indemnity clause in the lease in the case sub judice states: "Lessee agrees to indemnify and save harmless the Lessor against all claims for damages to persons or property by reason of the use or occupancy of the leased premises, and all expenses incurred by Lessor because thereof, including attorney's fees and court costs."

Neither does defendant Kenimer's acceptance of the premises in "as is" condition reflect an intent to assume liability for any negligence of defendants Cofer and Beauchamp. The reasoning expressed in *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226, supra, is also applicable to this provision of the lease. See also *Seaboard Coast Line R. Co. v. Dockery,* 135 Ga. App. 540, 545 (218

SE2d 263). The trial court did not err in denying the motion for summary judgment of defendants Cofer and Beauchamp as to their cross-claim against defendant Kenimer.

*Judgment reversed in Case No. 65668. Judgment affirmed in Case No. 65669. Shulman, C. J., Deen, P. J., Quillian, P. J., Banke and Carley, JJ., concur. Birdsong, Sognier and Pope, JJ., dissent.*

DECIDED JULY 5, 1983 —
REHEARING DENIED JULY 26, 1983 —

*Charles A. Gower, Stephen G. Gunby,* for appellant (case no. 65668).

*Allen C. Levi, Jerry A. Buchanan, Miller P. Robinson,* for appellees.

*Jerry A. Buchanan,* for appellants (case no. 65669).

*Charles A. Gower, Stephen G. Gunby, Allen C. Levi, Miller P. Robinson,* for appellees.

BIRDSONG, Judge, dissenting.

A reasonable portrayal of the facts of this case shows that Mrs. Foster entered the dry cleaning establishment owned and operated by the Kenimers at 8:30 a.m. on a rainy morning. On her entrance, Mrs. Foster knew it was raining, but did not notice whether the two steps leading up to the store entrance were wet. Two other customers were in the store and transacted their business and left before Mrs. Foster picked up her dry cleaning. Mrs. Foster then left the store and started to descend the two steps to the parking lot. She noticed the steps were then beaded with water. As she started down the steps, she maintains she slipped and fell, breaking her hand or wrist as she tried to break her fall. The facts show that she fell forward and not backward. She made a conclusionary statement that after she fell she then noticed that the steps were painted with a flat paint and appeared slippery when wet.

Other facts show that the Kenimers leased the premises from Cofer in June 1980 and the steps were already painted with the flat paint. The accident occurred in May 1981. Thus, for almost a year, the steps were in constant use (frequently by Mrs. Foster), apparently in all kind of weather conditions. In fact two other customers navigated the steps on that particular morning without incident. The evidence shows no defect for there is no showing the paint was flaking or not intact. Water as such may be a condition but is not a defect. Mrs. Foster says she observed the paint and opined that because it was wet, apparently this caused a slippery condition.

At best this is no more than a conclusion for, other than the fact she slipped, there is no evidence that water on the paint caused a slippery condition. Opposed to this conclusion is a statement of fact by the Kenimers that even to a casual observer the paint is flat paint and is not slippery. Mrs. Foster offered no evidence that the "slippery" condition was patent and had to be known to the Kenimers as proprietors. She offered no evidence that others had slipped during the year the Kenimers had been the occupants of the store or that the Kenimers were on notice of any other similar injury.

As was said in *Alterman Foods v. Ligon,* 246 Ga. 620, 625 (272 SE2d 327): " 'There is no evidence that [Kenimer] or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by the defendant or its agents. The evidence simply shows that the plaintiff fell while [leaving] the defendant's store. This is insufficient. . . .' Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.

"It cannot be inferred from a silent record that defendant negligently maintained its [steps]. Plaintiff's statements, taken in the light most favorable to her, are merely conclusions and are probative of nothing. The fact is they show that she proceeded on the [steps] with full knowledge of its condition. . . ."

Before Kenimer can be held liable for the slippery conditions of the steps produced by the presence of raindrops thereon, it is necessary that the proof should show they were aware of the rain droplets and that the presence of water created a dangerous condition and that Kenimer having such knowledge failed to exercise reasonable care. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). Moreover, it is only when the perilous condition is known to the occupant and not known to the person injured that a recovery is permitted. *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136, 138 (207 SE2d 532). In this case the occupant had been in charge of the premises for over 11 months with the steps painted as they were at the time of the incident and no evidence was offered that the occupant was aware that rain drops created a greater potential for harm or had a superior knowledge of the condition than did Mrs. Foster. There was no duty on Kenimer's part to warn its customers during a period of rain that accumulations of water on the steps or floor of the business may create a slippery condition. There is scarcely any material used in construction that may not become slippery by the presence of water. That is a matter of common knowledge and behooves any user of the premises to use a measure of precaution when walking on a wet surface. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 173, supra.

It is concluded therefore, under the circumstances of this case, when applied to the applicable law, Mrs. Foster was aware of the condition of the steps when she descended them and slipped (or fell forward) by failing to exercise due care for her own safety, thus assuming the risk involved. *Hill v. Davison-Paxon Co.,* 80 Ga. App. 840 (57 SE2d 680). Her conclusionary statement that the wet flat paint appeared slippery created no issue of fact to submit to the jury.

I respectfully dissent as I would affirm the grant of summary judgment to all defendants. I am authorized to state that Judge Sognier and Judge Pope join in this dissent.