|, GORBATY, Judge.
In this appeal, America’s Favorite Chicken Company, flk/a Church’s Fried Chicken (“AFC”), and Marvin Demourelle contend that the trial court erred in granting the motion for summary judgment filed by Sanderson Farms (“Sanderson”). For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

On May 1, 1995, William Jackson fell at the Church’s Fried Chicken Store at 4301 St. Claude Avenue, New Orleans, Louisiana. Jackson was making a delivery to the Church’s store for Sanderson Farms, Inc., his employer. Plaintiffs filed suit in Civil District Court for the Parish of Orleans, alleging that the defendants were negligent in failing to keep the floor clear of slippery substances. Sanderson Farms intervened in this litigation seeking to recover medical and indemnity payments made pursuant to the workers’ compensation coverage it provided to William Jackson.
12AFC and Martin Demourelle, the store manager, filed cross-claims against Sand-erson seeking (1) indemnification based upon various acts of alleged negligence of Sanderson, and (2) indemnification based on the indemnity provision of the “Supply Agreement” between Sanderson Farms and Church’s Operators Purchasing Association, Inc. (“COPA”).[1]
Sanderson moved for summary judgment seeking to have the cross-claims of AFC dismissed. Sanderson argued that any negligence claims against it would be barred by Louisiana workers’ compensation law. Sanderson also contended that there is no contractual right of indemnity for an indemnitee’s “own negligence” unless such a requirement is expressly stated in the indemnity agreement. The trial court granted Sanderson’s motion for summary judgment and dismissed the claims *1260 of AFC and Demourelle against Sander-son.

DISCUSSION

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Guy v. McKnight, 99-2284 (La.App. 4 Cir. 2/16/00), 753 So.2d 955, 957, writ denied, 2000-0841 (La.6/16/00), 764 So.2d 963; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
Summary judgment is properly granted only if the pleadings and evidence show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966(C). Article 966 has recently Lbeen amended; the burden of proof remains with the mover to show that no genuine issue of material fact exists. Now, however, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to present evidence of a material factual dispute mandates the granting of the motion. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
As Jackson’s employer, Sander-son is provided statutory immunity from negligence claims under Louisiana workers’ compensation law. La.Rev.Stat. 23:1032 provides that an employee’s exclusive remedy against the employer for a compensable injury is solely workers’ compensation. See Gauthier v. O’Brien, 618 So.2d 825, 828 (La.1993). This immunity is extended to third party claims, as Louisiana jurisprudence holds that “this bar restricts [a] third party’s cause of action for indemnity or contribution.” Id. at 828. Even if the employer is shown to be at fault in conjunction with a third party, the third party “is barred by the employer’s statutory immunity from seeking indemnity or contribution from that employer.” Id. Jackson admits in his pleadings that Sanderson was his employer and paid workers’ compensation benefits to him for this accident. Thus, Sanderson is provided statutory immunity from the third party negligence claims of AFC.
Although provided with statutory immunity, an employer is free to enter into an indemnification agreement with potential third party tortfeasors under Louisiana law. Gauthier, 618 So.2d at 828. In the instant case, the “Supply Agreement” contains the following indemnity provision:
|4Supplier [Sanderson] shall and hereby agrees to indemnify, defend and hold COPA and AFC and its Members harmless from and against any and all actions, claims, costs (including attorney’s fees), damages, judgments and liabilities whatsoever, including without limitation any product liability claims, in law or equity, arising out of (i) the production, supply, distribution, delivery or sale by Supplier of any products or goods or (ii) the breach by Supplier of any of its obligations or representations under this Agreement.
As Sanderson is immune to any negligence claims because of Louisiana workers’ compensation law, the plaintiffs’ claims must arise solely out of the negligence of AFC. In other words, the Jacksons can only collect for AFC’s own negligent acts. Therefore, AFC’s cross-claims against Sanderson for indemnity must arise solely from AFC’s “own negligence.”
Section 22 of the “Supply Agreement” expressly provides that the governing law of the contract will be Georgia state law. “It is well established in Georgia that the contractual indemnities do not extend to losses caused by an indemnitee’s own negligence unless the contract expressly states that the negligence of the indemnitee is covered.” Allstate Ins. v. *1261 City of Atlanta, 202 Ga.App. 692, 416 S.E.2d 308, 309 (1992). “In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter’s own negligence.” Id. at 309.
While Georgia courts do not require the use of talismanic words to express the intent to indemnify another for that other’s own negligence, the language must be sufficiently explicit so as to evidence a clear intent to hold an indemnitee harmless from its own negligence. See Brown v. Seaboard Coast Line Railroad, 554 F.2d 1299, 1302 (5th Cir.1977). AFC contends that the use of the phrase “any and all actions, claims, and costs” is proof that Sanderson agreed to indemnify | ¡AFC for AFC’s own negligence. We disagree. Georgia courts have consistently held that such terms as “all risks of loss,” “any and all losses,” and “any and all liability” do not include claims arising out of the indem-nitee’s own negligence. See Brown, 554 F.2d at 1302; Batson-Cook Co., Inc, v. Industrial Steel Erectors, 257 F.2d 410 (5th Cir.1958); Foster v. Kenimer, 167 Ga. App. 567, 307 S.E.2d 30 (1983); and Seaboard Coast Line Railroad Company v. Union Camp Corp., 145 Ga.App. 417, 243 S.E.2d 631 (1978).
The contract at issue simply does not express in “plain, clear, and unequivocal terms” an obligation that Sanderson indemnify AFC for AFC’s own negligence. Use of the phrase “any and all claims” is “too broad to meet the law’s requirement that a negligent indemnitee be protected against its negligence only when the contractual language specifically so provides.” Brown, 554 F.2d at 1302.
Similarly, under Louisiana law, “an indemnification agreement will not be construed to cover losses arising from an indemnitee’s negligence unless mutual intent to provide such indemnification is expressed in unequivocal terms.” Carr v. City of New Orleans, 626 So.2d 374, 382 (La.App. 4th Cir.1993), writ denied, 634 So.2d 398 (La.1994); Federal National Mortgage & Assn. v. Sethi, 557 So.2d 354, 356 (La.App. 4th Cir.1990). As under Georgia law, the presumption is that the parties did not intend for the indemnitee to be protected from his own negligence. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982, 985-86 (La.1986). Further, the use of broad language such as “any and all claims” is not sufficient to rebut the presumption that the parties did not intend to indemnify the indemnitee for its own negligence. “An indemnification of ‘any and all claims’ will not include the negligence of the indemnitee.” Comeaux v. C.F. Bean Corp., 99-0924 (La.App. 4 Cir. 12/15/99), 750 So.2d 291, writ denied, 2000-0127 (Lai fi3/17/00), 756 So.2d 1145, reconsideration denied, 2000-0127 (La.4/28/00), 760 So.2d 1166. Thus, under Louisiana law, as under Georgia law, Sand-erson is not obligated to indemnify AFC for AFC’s own negligence because the agreement fails to clearly and unequivocally express such duty.
AFC has suggested that, under La. Civ. Code art. 2324, Sanderson may still owe indemnity and defense for Sanderson’s negligence that could be attributed to AFC. This contention lacks merit. Because the employer is statutorily immune from liability, in workers’ compensation cases, the Louisiana Supreme Court uses a quantification and allocations method that makes the plaintiff and any third parties liable for only the appropriate proportion of them own negligence.
The Louisiana Supreme Court recently held that article 2324 requires courts to quantify employer negligence in workers’ compensation cases involving third party liability, and this article applies retroactively. See, Keith v. United States Fidelity & Guar. Co., 694 So.2d 180, 183 (La.1997). This holding did not suggest what the courts should do with the quantification of the employer’s negligence. AFC contends that article 2324(B) could result in the quantified percentage being used to *1262 attribute solidary liability. Thus, AFC avers, it could be held liable for a portion of Sanderson’s negligence under article 2324 because Sanderson is statutorily immune from the plaintiffs’ suit. We disagree.
Under Louisiana jurisprudence controlling at the time of this accident, once the employer’s negligence is quantified, it is dropped from the apportionment of damages so that liability depends only on the plaintiffs own contributory negligence and the remaining non-immune defendant’s own negligence. As noted, Keith requires that the percentages of fault for Jackson, AFC and Sanderson must be calculated, but once Sanderson’s percentage of negligence is determined, the pliability among the parties is apportioned between only Jackson and AFC, based on their respective negligence. The Louisiana Supreme Court held in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), and Gauthier v. O’Brien, 618 So.2d 825 (La.1993), that once an employer’s negligence is quantified, it is disregarded, because of statutory immunity, and the liability of the plaintiff and remaining defendant(s) is determined in proportion to their own negligence. Thus, in this case, AFC can only be held liable for the proportionate amount of its own negligence in relation to Jackson’s negligence.

CONCLUSION

Accordingly, there is no basis for Sand-erson’s liability. For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. This "Supply Agreement” was entered into by Sanderson and COPA on March 7, 1995. AFC is named as an indemnitee in the contract between Sanderson and COPA.