## DANCER, ordinary, *et al. v.* SHINGLER *et al.*

1. It is allowable, in an action by taxpayers against officials of a county, to enjoin the execution of an illegal contract, wherein the officials are described in the petition as comprising the "Board of County Commissioners of Miller County," to change by amendment such description to the "Board of Commissioners of Roads and Revenues of Miller County," by which latter title such commissioners are designated by the act of the General Assembly.

2. A court of equity will, at the instance of citizens and taxpayers of a county, enjoin the authorities in charge of the affairs of such county from carrying into effect an unauthorized order or an illegal contract in the execution of which it will be necessary either to expend the money of the taxpayers, in the treasury of the county, or to incur illegal indebtedness by the county. Such an action is properly brought against the governing officials of the county, and the county is not a necessary party.

3. Though the proper authorities of a county, on the recommendation of the grand jury of such county, may purchase a farm upon which they may require paupers not disabled by old age or disease to work, and may levy and collect a tax for the purpose of purchasing such farm, yet the county authorities can not incur a debt for such purpose without a vote of the people, as prescribed in the constitution. A contract to purchase a farm on credit, and to pay for it in installments covering several years, without being authorized by a previous vote of the people, is illegal, as its effect is to incur a debt.

No. 196. June 13, 1917.

Injunction. Before Judge Worrill. Miller superior court. February 13, 1917.

The grand jury of Miller County recommended to the Board of Commissioners of Roads and Revenues of that county the purchase of a tract of land for the purpose of taking care of the paupers and the convicts employed on the public roads. The board of commissioners, on January 6, 1917, passed a resolution authorizing the purchase from J. W. Bailey of a tract of land for the sum of $17,500, of which sum $15,000 was payable in county warrants; $7,000 due December 31, 1917, $4,000 due December 31, 1918, and $4,000 due December 31, 1919, each of these three sums bearing interest at the rate of six per cent. per annum from date, the balance of the purchase-money to be in discharge of an incumbrance of $2,500 which was not then due. A few days thereafter G. P. Shingler and other taxpayers brought a suit against certain officials declared to constitute the Board of Commissioners of Miller County, and the Colquitt National Bank, the depositary and

disbursing agent of the county, to enjoin the defendants from further negotiations in the purchase of the land from Bailey, from paying out any money in furtherance of the contract, from levying a tax for the purpose of paying any part of the purchase-money, and from taking possession of the farm; and, should the facts develop that Bailey had made a deed or other conveyance to the county, praying that he be made a party and that the conveyance be surrendered and canceled. On a rule to show cause against the granting of a temporary injunction the defendants presented their sworn answer, and also demurrers to the petition. After hearing the evidence the court enjoined, until a final hearing of the case, the Board of Commissioners of Roads and Revenues of Miller County from levying a tax for the payment of the warrants, and from paying for the farm purchased by them as alleged, and from operating the farm under the purchase from Bailey, or in any manner using or holding the farm under such purchase; and further enjoined the Colquitt National Bank, as the depositary and disbursing agent of Miller County, from using county funds in payment of the purchase of the farm. Exception was taken to this order.

*Billie B. Bush* and *W. I. Geer,* for plaintiffs in error.

*P. D. Rich,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The plaintiffs are proceeding against the officials of the county as composing the Board of Commissioners of Roads and Revenues of Miller County. In the petition they were described as comprising the "Board of County Commissioners of Miller County." A ground of demurrer raised the point that the action was improperly brought, because of a variance between the official title of the commissioners of roads and revenues, as defined in the act of their creation, and as alleged in the petition. The General Assembly devolved the management of the county affairs of Miller county upon a "Board of Commissioners of Roads and Revenues." Acts, 1905, p. 569. The description of the title of the county commissioners in the petition was slightly variant from their official title as designated in the act, and this variance was met by an amendment allowed over objection. There was no error in allowing this amendment. Civil Code (1910), § 5686; *Com-*

*missioners of McIntosh County* v. *Aiken Canning Co.,* 123 *Ga.* 647 (51 S. E. 585).

2. It was further insisted at the hearing that an action to restrain the county commissioners from purchasing a farm to be devoted to the support of paupers and convicts of the county should have been brought against the county, and not against the officials in charge of county matters. The theory of the action is that the county has made no contract; that the conduct of the officials complained of was illegal; and the object is to enjoin the execution of an illegal contract by the officials of the county. It is not an open question in this State that a court of equity will, at the instance of citizens and taxpayers of a county, enjoin the authorities in charge of the affairs of such county from carrying into effect an unauthorized order or an illegal contract in the execution of which it will be necessary either to expend the money of the taxpayers, in the treasury of the county, or to incur illegal indebtedness by the county. *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (40 S. E. 287); *Henry* v. *Means,* 137 *Ga.* 153 (72 S. E. 1021). The action was properly brought against the officials, and the county is not a necessary party. See *Hamby & Toomer* v. *Georgia Iron & Coal Co.,* 127 *Ga.* 792 (56 S. E. 1033).

3. Upon a recommendation of the grand jury of a county, the ordinary, or the board of commissioners in those counties where commissioners supervise the county affairs, has power and authority to purchase a house and farm, upon which farm they may require all paupers to labor who are not from old age and disease unable to work; and they have authority to levy and collect a tax for the purpose of purchasing such farm. Civil Code (1910), §§ 541, 544. If the investment can be made with funds on hand, or from taxes collected in the year in which the farm is purchased, the county authorities may proceed to carry out the recommendation of the grand jury. But the power to purchase a farm for the paupers is not an authority to incur a debt in its purchase. The constitution forbids a county to incur any debt except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as may be prescribed by law. Civil Code (1910), § 6563. A contract

by the governing officials of a county, to purchase property for the county and to pay therefor with interest-bearing warrants falling due for several years in the future, is a debt within the meaning of the constitutional prohibition. *Renfroe* v. *City of Atlanta,* 140 *Ga.* 81 (78 S. E. 449, 45 L. R. A. (N. S.) 1173). It is immaterial whether the proposed purchase be an advantageous plan for the support of the paupers and for taking care of the convicts engaged in building the roads of Miller County; the organic law condemns it, and county officials have no authority to incur a debt except in the manner pointed out by law. The effect of the contract of purchase, payable several years in the future, was to incur a debt, and the contract of purchase was illegal. The court did not err in granting the temporary injunction complained of.

*Judgment affirmed. All the Justices concur.*