23905.   WATSON v. CITY OF EAST POINT et al.

Submitted February 14, 1967—Decided March 9, 1967.

*Bartholomew & White, James A. White, Jr.,* for appellant.

*Archer, Patrick & Sidener, Ezra Phillips, James H. Archer, Jr.,* for appellees.

Cook, Justice. █ In the first count of the petition it is alleged that the exchange of property by the deeds between the City of East Point and Paul Wilson was without adequate consideration to the city because the land purported to be conveyed by Wilson to the city already belonged to the city. On general demurrer we must deal with allegations of ultimate facts as true. An allegation that a party is the owner of specified land is an allegation of an ultimate fact and not a conclusion of law. *Domin v. Brush,* 174 Ga. 32 (1) (161 SE 809); *Gray v. Bradford,* 194 Ga. 492, 494 (1) (22 SE2d 43); *Weimer v. Cauble,* 214 Ga. 634, 637 (106 SE2d 781); *Teasley v. Jones,* 215 Ga. 135 (1) (109 SE2d 514); *Nuckolls v. Merritt,* 216 Ga. 35, 38 (114 SE2d 427).

Section 147 of the Act of 1957 establishing a new charter for the City of East Point provides: "Said city shall have power and authority to rent, lease, sell and dispose of any or all of its parks or other real estate for a fair and adequate consideration." Ga. L. 1957, pp. 2429, 2476. While this section gives the city specific authority to dispose of park property for "a fair and adequate consideration," the city would be acting without authority to convey park property in exchange for property which it already owned.

Counsel for the appellees assert that the appellant has no standing as a citizen and taxpayer to maintain this action. A citizen and taxpayer has a right to bring an action to nullify the deed of a city illegally disposing of its property to the

detriment of its citizens. Compare *Mayor &c. of Americus v. Perry,* 114 Ga. 871 (6) (40 SE 1004, 57 LRA 230); *Dancer v. Shingler,* 147 Ga. 82 (2) (92 SE 935); *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567); *Georgia Power Co. v. Georgia Public Service Comm.,* 211 Ga. 223, 230 (85 SE2d 14).

It was therefore error for the trial judge to sustain the general demurrers to count one of the petition.

■ The ordinance of the City of East Point attached as an exhibit to the petition provides in part: "Except as otherwise provided by law, no purchase or sale contract in excess of $1,000 may be lawfully made by said city without first obtaining competitive sealed bids, unless an emergency makes it unwise to take necessary time to secure such bids. In all purchases the city shall accept the lowest and best bid if it accept any, and in all sales by the city the highest and best bid shall be accepted if any are accepted; but the city shall in all cases reserve the right to reject any and all bids; provided, this Section shall not apply to marshal's sales if an owner's rights to redeem exist after such sale, but it shall apply to all public improvement contracts, and to all other real estate sales, but shall not apply to real estate purchases, nor to any other contract if its application thereto would clearly increase the city's cost. . ."

This ordinance does not make it mandatory for the city to obtain competitive bids in all sales of real estate, and the ordinance does not apply to real estate purchases. There is no allegation of fraud, and no facts are alleged to show an abuse of discretion by the city in making the exchange of property with Wilson without advertising for competitive bids. The courts will not control the discretion of a municipality in disposing of its property unless such discretion is manifestly abused. *Chipstead v. Oliver,* 137 Ga. 483 (73 SE 576); *Kirkland v. Johnson,* 209 Ga. 824 (5) (76 SE2d 396); *J. C. Lewis Motor Co. v. Mayor &c. of Savannah,* 210 Ga. 591 (5) (82 SE2d 132).

The trial judge did not err in sustaining the general demurrers to the second count of the petition.

*Judgment affirmed in part; reversed in part. All the Justices concur.*