### 50860, 50861. RITE DIET FEEDS, INC. v. CENTRAL OF GEORGIA RAILROAD COMPANY; and vice versa.

CLARK, Judge.

"Omnium-gatherum" is an appropriate appellation for these two appeals in which the State Court of Coffee County[1] ruled adversely both to the plaintiff in the main action and to the defendant on the counterclaim so that both complaint and counterclaim were out of court. Each party has appealed. To facilitate our consideration we refer to plaintiff as "Railroad" and to defendant as "Industry."

Seeking to recover from Industry the amount it paid an injured employee in settlement without judgment of his claim made under the Federal Employers Liability Act, Railroad sued Industry in three counts. Recovery of the full amount paid its servant was sought on the theory

---

[1] Named in 1854 for General John Coffee, a hero of the War of 1812; its county seat, Douglas, honors the famed Illinois Senator, Stephen A. Douglas.

of legal indemnification in Count 1 and as contractual indemnification under a 1971 agreement in Count 2, while Count 3 asked for one-half of the sum under the theory of contribution as between two tortfeasors alleged to have been jointly and concurrently negligent. Industry contended it was not liable as to Counts 1 and 3 on the assertion that Georgia law as of the date of the occurrence did not authorize such recovery without prior judgment. As to Count 2, Industry averred it was not liable because of an exculpatory clause claimed under its interpretation of a 1965 agreement applicable to the place where it alleged the incident had occurred. Furthermore, Industry defended on the basis that any negligence in maintaining a safe place for its employee to work was due to Railroad's negligence in whole or in part.

Industry's counterclaim sought damages for alleged negligence on another occasion by another Railroad employee when uncoupling an airhose between cars, thereby causing it to strike an Industry employee who was thus rendered "so addled and groggy" that in performing his duties he caused property damage to Industry. Railroad's defense was the enforceability of an exculpatory clause in contracts between the parties.

1. Subsequent to the date of the trial court's judgment, we ruled in *Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219 (213 SE2d 903) that the changes made in 1972 by the General Assembly as to the law of contribution and indemnity, whereby the paying party was relieved from the necessity of obtaining judgment, did not apply to claims which arose prior to March 7, 1972, the effective date of the two statutes. Since the incident at bar occurred on February 7, 1972, the trial court was correct in ruling against the Railroad as to Count 1 seeking legal indemnity and as to Count 3 asking for contribution as joint tortfeasors. See also U. S. Lines, Inc. v. United States, 470 F2d 487, 493 (7) (5th Cir. 1972), for a similar holding wherein the Court of Appeals for the Fifth Circuit adopted in toto an opinion by Savannah's eruditical[2] United States District Court Judge A. A. Lawrence.

_____

[2] This word is to emulate this learned jurist whose

2. The Industry's counterclaim is likewise disposed of by another determination which has been made by our court since the lower court's judgment. *Camp Concrete Products v. Central of Ga. R. Co.,* 134 Ga. App. 537 (215 SE2d 299) affirmed a summary judgment based upon an exculpatory clause similar to that presently before us. Industry's able attorney points out this opinion is not a binding precedent in view of the concurrence in judgment only by one of the three judges constituting our First Division. Code Ann. § 24-3636 (c); Court of Appeals Rule 26 (c). Nevertheless, our Division's detached dispassionate deliberations determine our decision to be that the reasoning contained in the opinion is controlling upon the instant contract. Accordingly, judgment is affirmed in case No. 50860 in favor of the Railroad and adverse to appellant's counterclaim.

3. Count 2 of the complaint is based upon contractual indemnity. *Robert & Co. Associates v. Pinkerton & Laws Co.,* 120 Ga. App. 29 (169 SE2d 360) held that where there is a contract to indemnify and hold harmless, such as exists here, then a judgment fixing legal liability is not a condition precedent to recovery. For a similar ruling involving an FELA situation, see *Union Camp Corp. v. L. & N.R. Co.,* 130 Ga. App. 113 (202 SE2d 508).

4. Industry contends that construction of the three contracts between the parties as applied to the place where the injuries were sustained by Railroad's employee relieves industry from liability and requires affirmance in its favor of the summary judgment. Railroad disagrees both as to the fact of the location and the legal interpretation of the contracts. Our study of the record shows a genuine issue of material fact exists as to the locus. Therefore the grant of summary judgment must be reversed and the case remanded for trial under Count 2. As we cannot anticipate what evidence will then be presented concerning the place of the employee's fall and the condition thereof, we must refrain from undertaking to construe the contracts at this time. See *Peachtree Bottle*

---

opinions are noted both for literary quality and his usage of words described in dictionaries as "rare."

*Shop v. Bessemer Securities Corp.,* 134 Ga. App. 729 (215 SE2d 692).

Judgment affirmed as to Case No. 50861; affirmed in part and reversed in part as to Case No. 50860. *Pannell, P. J., and Quillian, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED OCTOBER 3, 1975 — ■

*Memory & Thomas, S. F. Memory, Jr.,* for appellant.
*Farrar & Farrar, Arthur C. Farrar, Smith & Harrington, Will Ed Smith,* for appellee.