## 58166. HARTLINE-THOMAS, INC. v. ARTHUR PEW CONSTRUCTION COMPANY, INC. et al.

BIRDSONG, Judge.

Summary judgment resulting from interpretation of an indemnification agreement. The parties have stipulated the facts and the only question for this court's resolution is one of law.

The facts pertinent to the summary judgment show that Arthur Pew Construction Co., a general contractor, was engaged by Cobb County to construct a sewage plant. Pew subcontracted with Hartline-Thomas to perform all the painting. One of Hartline's employees was overcome by fumes while painting in an enclosed area and fell, suffering injuries. The employee brought suit against Pew alleging negligence in failing to warn the employee of the dangerous propensities of the paint and not furnishing a safe place in which to work. Pew defended the suit against its alleged negligence and sustained costs of $7,440.29 as attorney fees. However, the verdict was favorable to Pew and thus negligence per se was removed as a basis for Pew's expense.

Pew sought indemnification from Hartline based upon certain contractual provisions contained in the contracts between Pew and Hartline and Pew and Cobb County. The contract between Pew and Hartline provided: "12. The Subcontractor [Hartline] agrees to be bound by the terms of the general contract . . . and to assume toward the Contractor [Pew] all the obligations and responsibilities that the Contractor . . . assumes toward the owner." The general contract between Pew and Cobb County provided: "The Contractor [Pew] agrees to defend, indemnify and to hold harmless Cobb County [the owner] . . . from and against any and all damages, claims, demands, suits, judgments, and costs, including reasonable attorney fees and expenses, for or on account of damage to Property and death or bodily or other personal injury to any person or persons, directly or indirectly arising out of or caused or claimed to have been caused by or in connection with the performance of or failure to perform any work provided hereunder by the contractor, his subcontractors or the contractors, servants, agents or employees." A second

paragraph of the general contract agrees to hold Cobb County harmless from expense, liability or payment arising from injury even though such injury might have been caused, occasioned or contributed to by the negligence or other fault of Cobb County. Necessary to our consideration also are the pertinent provisions of Ga. L. 1970, p. 441 (Code Ann. § 20-504). That codal provision provides that a contractual agreement relative to specified construction work ". . . purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable:. . ."

Both parties moved for summary judgment based upon the stipulated facts. The trial court granted summary judgment to Pew and denied summary judgment to Hartline. It is these judgments which form the basis of this appeal. *Held:*

The parties do not dispute that the incorporation by reference of the indemnification provisions of the general contract was valid. See *Binswanger Glass Co. v. Beers Const. Co.*, 141 Ga. App. 715, 716-717 (2) (234 SE2d 363). The only contest relates to the legal implications of the provisions of the two paragraphs dealing with indemnification in the general contract between Pew and Cobb County which admittedly were incorporated.

Hartline contends that the two indemnification paragraphs in the general contract are not severable but must be interpreted together; that because the second paragraph (as incorporated in the Pew-Hartline contract) attempts to indemnify Pew against Pew's negligence, it is against public policy; that because paragraph one is in pari materia with paragraph two, paragraph one likewise violates public policy; that the lawsuit (and the consequent attorney fees) involved Pew's alleged negligence; and, that for all these reasons the whole of the indemnification provisions is tainted and application of them to make Hartline liable for Pew's attorney fees is improper as being against public policy.

On the other hand, it is Pew's contention that the two

paragraphs are severable, that only the first paragraph is at issue in this case, and that paragraph does not undertake to indemnify or hold harmless Cobb County for any act other than for the acts or omissions of Pew, its subcontractors, servants, agents, or employees relating to the performance or failure to perform the work required under the contract. In other words, Pew contends that the first paragraph does not attempt to indemnify Cobb County against Cobb County's own negligence and is therefore not a contractual provision against public policy. It thus contends, that, a fortiori, the incorporation by reference of this first paragraph is not against public policy as an attempt to compel Hartline to indemnify Pew against Pew's partial or sole negligence. Pew contends that because it has judicially been determined to be without negligence in the matter giving rise to the attorney fees, the issue of liability based upon actual negligence is irrelevant to the matter of indemnification. Finally, Pew asserts that the indemnification language in paragraph one to the effect that Hartline will hold Pew harmless for all damages, including attorney fees, on account of any injury arising out of or claimed to have been caused by the performance of any work under the contract done by Hartline or its employees is broad enough to invoke the indemnification provisions of the contract. Thus it is Pew's contention that the $7,440.29 expenses it incurred for attorney fees are indemnified under the Hartline-Pew contract without reference to any issue of actual negligence liability.

We do not agree that the first paragraph of the indemnification provision, standing alone, is violative of public policy. That paragraph simply agreed to hold the owner harmless for a claim for monetary or property loss arising out of the contractor's performance of the contract. It does not seek to protect the owner (indemnitee) from its own negligence. The second paragraph does seek to afford protection to the indemnitee from its own negligence. However, we do not feel constrained to interpret that paragraph for we are satisfied that the two paragraphs are severable. The first deals with matters other than negligence and by it the contractor agrees to indemnify the owner for injuries and

damages caused or claimed to have been caused in connection with or in the performance of the work provided under the contract by the contractor. The second paragraph deals with liability arising out of negligence including the negligence of the owner. As we read the two paragraphs, they deal with separate, distinct and cumulative obligations. Thus, the first paragraph would not be nullified by any public policy failures of the second. *Aladdin, Inc. v. Krasnoff,* 214 Ga. 519, 520 (3) (105 SE2d 730); *Camp Concrete Prod. v. Central of Ga. R. Co.,* 134 Ga. App. 537, 539 (215 SE2d 299).

We agree with the position urged by Pew that no issue of negligence is involved. The authorities cited to us by Hartline (i.e., *Binswanger,* supra; *Batson-Cook Co. v. Georgia Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547); Code Ann. § 20-504, supra) holding void a contract provision attempting to indemnify an indemnitee from its own negligence in the absence of an express provision that only the contributory negligence of both indemnitor and indemnitee will evoke such indemnification, is not apropos. Without any showing of negligence, Pew's costs in the performance of the contract were increased by $7,440.29. The first paragraph of the indemnification agreement provides that Hartline will hold Pew harmless for attorney fees arising on account of personal injury *claimed to have been caused* by or in connection with Hartline's work under the contract. The trial court correctly held that attorney fees were subject to that indemnification clause.

Based upon the foregoing, we find no issue of fact remaining to be determined by the trial court. The trial court correctly determined that Pew was entitled to invoke the indemnification provisions of the contract and that those provisions did not violate the public safety provisions of Code Ann. § 20-504. We conclude, therefore, that the trial court did not err in granting summary judgment to Pew nor in denying summary judgment to Hartline. *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED OCTOBER 2, 1979 —

*J. Ben Shapiro, Jr., Frances M. Toole,* for appellant.
*Donald R. Anderson, A. Terry Sorrells,* for appellees.