## 35581. FRAZER v. CITY OF ALBANY et al.

JORDAN, Presiding Justice.

On July 13, 1979, Mrs. Betty Scott Frazer, appellant, filed suit in Dougherty Superior Court against the City of Albany and the Albany-Dougherty Inner-City Authority (hereinafter — Authority) seeking a temporary and permanent injunction against three actions admittedly contemplated by the city: (1) The conveyance of land to the Authority; (2) The execution of a lease agreement (hereinafter — Lease) by which the city would be obligated to rent a civic center from the Authority for up to fifty years (the civic center is to be financed from revenue bonds issued by the Authority and is to be constructed by the Authority on the conveyed land); and (3) The expenditure of funds under an "Agreement to Pay Certain Costs and Expenses" (hereinafter — Agreement) which the city has already executed and under which the city is obligated to indemnify the Authority, under certain circumstances and up to $500,000, for the Authority's expenses in connection with the planning and designing of the civic center.

The trial court refused to enjoin the city's intended *conveyance of land* on the grounds that said conveyance was authorized under Section I of the charter of the City of Albany and that no evidence had been presented that said conveyance constituted an abuse of discretion. Further, the trial court refused to enjoin the city's intended *expenditure of funds* under either the agreement or the lease on the ground that the appellant had an adequate remedy at law.

The appellant appeals both parts of the trial court's order.

1. Regarding the appellant's contention that the city is not authorized under its charter to convey the land to the Authority, we note that Section I of the city's charter (Ga. L. 1923, p. 371) provides that "[T]he inhabitants of the territory in the County of Dougherty . . . are hereby continued incorporated by the name and style of 'City of Albany,' a body corporate and politic, *with power to . . . dispose of for the use and benefit of the said City of Albany any interest in any real . . . property of whatsoever kind or*

*description within or without the corporate limits of said City. . ."*

"The erection of a civic hall as a meeting place for civic groups and for citizens generally is unquestionably a public purpose." *Tillman v. Mayor &c. of Athens,* 206 Ga. 289, 294 (56 SE2d 624) (1949). Since courts will not control the discretion of a municipality of disposing of its property unless such discretion is manifestly abused, *Watson v. City of East Point,* 223 Ga. 185, 187 (154 SE2d 15) (1967), we affirm the trial court's refusal to enjoin the city's intended conveyance of land to the Authority.

2. Regarding the trial court's refusal to enjoin the city's expenditure of funds under either the agreement or the lease, we pretermit the issue of adequate remedy at law and affirm said refusal on the merits but with direction.

We hold that the Act by which the Authority was created (Ga. L. 1977, pp. 4220-4238) (hereinafter — the Act), the lease, and the agreement are expressly authorized by Code Ann. § 2-6301 (Ga. Const., Art. IX, Sec. VI, Par. I) which provides that "[*A*]*ny city* . . . of this state *may contract* for any period not exceeding fifty years, *with* . . . [*an*] *Authority* now or hereafter created *for the use* by such [City] or the residents thereof *of any* facilities or *services of the* . . . *Authority, provided* such contracts shall deal with such activities and transactions as such [City is] by law authorized to undertake."

By its execution of the agreement, the city has contracted for the services of the Authority in the hiring of a manager to advise and consult regarding construction of the civic center. By the lease, the city seeks to finance the civic center by contracting with the Authority for its service of issuing revenue bonds. Since the "erection of a civic hall . . . is unquestionably a public purpose . . ." *Tillman,* supra, and since both the Agreement and the Lease "deal with" this transaction said contracts are expressly authorized by Code Ann. § 2-6301.

The appellant, however, argues that the Act, the lease, and the agreement violate one or more of the following constitutional or statutory provisions: Code Ann. § 2-1304 (Ga. Const., Art. III, Sec. VII, Par. IV); Code Ann. § 2-6401 (Ga. Const., Art. IX, Sec. VII, Par. I); Code

Ann. § 2-6501 (Ga. Const., Art. IX, Sec. VIII, Par. I); Code Ann. § 69-202; Code Ann. § 91A-1506.1; and Ga. L. 1923, pp. 370-418 (New Charter for City of Albany).

Having reviewed the appellant's contentions as regards each of the cited constitutional or statutory provisions, we hold that, by virtue of our earlier holding that the Act, the lease, and the agreement are expressly authorized by Code Ann. § 2-6301 of the 1976 Georgia Constitution, the appellant's contentions are without merit in each and every instance. *City of Macon v. Walker,* 204 Ga. 810, 812 (51 SE2d 633) (1949); *Sheffield v. State School Bldg. Authority,* 208 Ga. 575, 581 (68 SE2d 590) (1952); *Smith v. State of Ga.,* 217 Ga. 94, 103 (121 SE2d 113) (1961).

We do believe, however, that direct comment is warranted regarding the appellant's contention that the Act violates Code Ann. § 2-1304 which provides that "No law shall pass which . . . contains matter different from what is expressed in the title thereof." The appellant argues that the title fails to provide notice of Sections 5(c) and 6(i) of the Act.

In interpreting Code Ann. § 2-1304, this court has consistently noted that "It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition." *Cady v. Jardine,* 185 Ga. 9, 10-11 (193 SE 869) (1937).

We hold that Sections 5 (c) and 6 (i) of the Act are definitely related to, and not in conflict with that part of the title to the Act which states that the Act "provides for the collection of . . . rents . . . by the Authority."

The present enumeration of error is without merit.

The appellant also argues that the Act does not authorize the Authority to construct a civic center.

This contention is clearly without merit.

Finally, the appellant argues that Sections 6.9 and 8.1 of the lease violate Code Ann. § 20-504 which provides:

"A covenant, promise, agreement or understanding in, or in connection with, or collateral to, a contract or agreement relative to the construction . . . of a building structure . . . purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee . . . or indemnitee is against public policy and is void and unenforceable. . ."

Section 6.9 of the lease provides: "The City shall indemnify and save the Authority and Trustee harmless against and from *all claims* by and on behalf of any person, firm or corporation arising from the contract or management of or from any work or thing done on the project during the Lease term. . ."

Section 8.1 of the proposed lease says: "The City releases the Authority from, agrees that the Authority shall not be liable for, and agrees to hold the Authority harmless against any loss or damage to property, or any injury to or death of any person that may be occasioned by *any cause whatsoever pertaining to the project or the use thereof. . .*"

We agree with the appellant's present contentions and hold Sections 6.9 and 8.1 void as contrary to the public policy of Code Ann. § 20-504. *Camp Concrete Products v. Central of Ga. R. Co.,* 134 Ga. App. 537 (215 SE2d 299) (1975).

This holding, however, does not demand that a temporary injunction issue against the city's expenditure of funds under the lease. This is so because Sections 6.9 and 8.1 are but severable parts of the lease. See Code Ann. § 20-501.

Thus, we affirm the trial court's refusal to enjoin the city's expenditure of funds under either the agreement or the lease but do so with direction that the trial court hold Sections 6.9 and 8.1 of the lease void as against the public policy set forth in Code Ann. § 20-504.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED MARCH 12, 1980.

*Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, David H. Cofrin,* for appellant.
*James V. Davis, Abner M. Israel, Pope B. McIntire,* for appellees.