Herman C. **MORGAN**

v.

**WESTINGHOUSE ELECTRIC CORP.**

v.

**BEERS CONSTRUCTION COMPANY.**

Civ. No. C–83–200–A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 31, 1984.

Curtis A. Thurston, Atlanta, Ga., Gary V. Bowman, Milford, Ohio, for plaintiff.

John Christy, Atlanta, Ga., for Westinghouse.

Sidney Wheeler, Atlanta, Ga., for Beers.

## ORDER

O'KELLEY, District Judge.

Presently pending before the court in this diversity personal injury action are two motions for summary judgment by third-party defendant Beers Construction Company (Beers) against defendant and third-party plaintiff Westinghouse Electric Corporation (Westinghouse), a motion for summary judgment against plaintiff by Westinghouse, and a motion for summary judgment against plaintiff by Beers.

This action is based upon a theory of negligence. Beers, a general contractor, contracted with Westinghouse for Westinghouse to act as a subcontractor for the purpose of providing and installing elevators on a construction site known as the Live Oaks Office Building (Live Oaks). On January 7, 1981, Beers and Westinghouse entered into a contract under which Westinghouse agreed to supply and install elevators at Live Oaks. During the course of construction Beers and Westinghouse agreed that Westinghouse would permit Beers to use an unfinished elevator for construction purposes. On September 28, 1981, Beers and Westinghouse entered into a Temporary Acceptance agreement whereby an elevator or elevators were turned over to Beers for its use, prior to completion by Westinghouse.

On October 2, 1981, the plaintiff, an employee of Beers, fell into an empty elevator shaft at Live Oaks. Plaintiff is a Beers employee and was assigned to operate the elevator while it was in an unfinished condition. Before the plaintiff arrived at work on October 2, 1981, a Westinghouse employee had taken the elevator to another floor of the building. When plaintiff attempted to open the outer doors of the elevator he fell into the empty elevator shaft. Plaintiff filed this action, which was subsequently removed to this court from the Superior Court of Fulton County, Georgia.

The January 7, 1981 contract between Beers and Westinghouse contains the following provision:

*Hold Harmless Clause:* The subcontractor shall indemnify and hold harmless the Contractor and all his agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising out of or resulting from the performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss, or expense (a) is attributable to bodily injury, sickness, disease, or death, or to

injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefrom, and (b) is caused in whole or in part by any negligent act of [sic] omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder....

The Temporary Acceptance Agreement, dated September 28, 1981 contains the following language:

[Beers] further assume[s] complete responsibility for any accident to persons or property, howsoever caused, and will indemnify and save you harmless against all loss, damage, claims, liability or expense arising therefrom irrespective of whether such were due to the possession, use, operation or condition of the elevators, appurtenances, or hatchways, or through failure to comply with any building laws or to any other cause.

The permission hereby granted shall not affect the terms of the contract mentioned above and may be revoked upon twenty-four hours notice in writing. Any agreement thereunder to furnish supplies or care of the elevators is not to commence until the signing of the final acceptance.

■ Beers contends that it is entitled to summary judgment on two related theories. First, Beers contends that the indemnification agreement contained in the Temporary Acceptance is in violation of the public policy of Georgia. O.C.G.A. § 13–8–2 (formerly Ga.Code Ann. § 20–504) states in relevant part:

(b) A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repairs, or maintenance of a building, structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable, provided that this subsection shall not affect the validity of any insurance contract, worker's compensation, or agreement issued by an admitted insurer.

Beers argues that the Temporary Acceptance agreement violates O.C.G.A. § 13–8–2 (formerly Ga.Code Ann. § 20–504) because it appears to require Beers to indemnify Westinghouse for losses arising from Westinghouse's own negligence.

Georgia law contains two conflicting lines of authority. The older line rests upon the basic presumption that the common law favors freedom of contract between private parties, and that former Ga. Code Ann. § 20–504, being in derogation of the common law, should be strictly construed. *Smith v. Seaboard Coast Line R. Co.*, 639 F.2d 1235, 1242 (5th Cir.1981) (Unit B); *Batson-Cook Co. v. Georgia Marble Setting Co.*, 112 Ga.App. 226, 144 S.E.2d 547 (1965). As a result of this approach, Georgia courts have traditionally refused to find a contract to be violative of former Ga.Code Ann. § 20–504 unless the contract expressly provided that the indemnitee would be indemnified by the indemnitor for losses caused by the sole negligence of the indemnitee. *Robert and Company Associates v. Pinkerton and Laws Co.*, 120 Ga.App. 29, 169 S.E.2d 360 (1969); *Gough v. Lessley*, 119 Ga.App. 275, 166 S.E.2d 893 (1969); *Kraft Foods v. Disheroon*, 118 Ga. 632, 165 S.E.2d 189 (1968). This policy of strict construction, as applied by the Georgia Court of Appeals, resulted in all but the most unambiguous contracts surviving challenges based upon former Ga.Code Ann. § 20–504. The decisions of the Georgia Court of Appeals are not, however, binding upon this court, when the highest court of the state has ruled otherwise. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Recently, the Georgia Supreme Court found a contract containing language re-

markably similar to the language contained in the Temporary Acceptance to violate former Ga.Code Ann. § 20–504. *Frazer v. City of Albany*, 245 Ga. 399, 265 S.E.2d 581 (1980).[1] While the opinion in *Frazer* does not evince an intention to overrule the line of court of appeals decisions—indeed it only cites one such case and fails to elaborate upon or discuss its effect upon the other cases—nevertheless the fact remains that the highest court in the state has found language extremely similar to the language in the Temporary Acceptance invalid. It may well be that *Frazer* is part of a trend towards a broader reading of O.C. G.A. § 13–8–2 (formerly Ga.Code Ann. § 20–504). *See Emory University v. Porubiansky*, 248 Ga. 391, 282 S.E.2d 903 (1981) (persons engaged in practice of medicine and dentistry may not contract with their patients to exculpate themselves from liability for their own negligence). *See also Country Club Apartments v. Scott*, 246 Ga. 443, 271 S.E.2d 841 (1980) (landlord cannot exculpate himself from liability arising from his own negligence).

While the full import of the ruling in *Frazer* is unclear, the court feels constrained to follow the holding, which requires the court to find that the Temporary Acceptance is void under the public policy of Georgia, as expressed in O.C.G.A. § 13–8–2 (formerly Ga.Code Ann. § 20–504). Accordingly, the motion for summary judgment by Beers against Westinghouse is granted.

■ Both Beers and Westinghouse have filed motions for summary judgment against the plaintiff. Both Beers and Westinghouse argue that the plaintiff failed to exercise due care in entering the elevator shaft, as required by O.C.G.A. § 51–11–7 (formerly Ga.Code Ann. § 105–603). Questions of negligence, proximate cause, forseeability and intervening causation, however, are all questions of fact under Georgia law. *Cain v. Vontz*, 703 F.2d 1279, 1283 (11th Cir.1983); *Decker v. Gibson Products Co.*, 679 F.2d 212 (11th Cir. 1983); *Lay v. Munford*, 235 Ga. 340, 219 S.E.2d 416 (1975); *Simmerson v. Blanks*, 149 Ga.App. 478, 254 S.E.2d 716 (1979). Accordingly, the motions for summary judgment against the plaintiff by Beers and Westinghouse must be denied.

■ Beers has counterclaimed against Westinghouse for its costs and attorney's fees, pursuant to the indemnity clause contained in the original contract. The plaintiff's claim arises out of the fall leading to his injuries, whereas Beers' claim is based upon the original contract, and therefore the counterclaim is a permissive one. Fed. R.Civ.P. 13(b). A permissive counterclaim must have an independent basis of federal jurisdiction. 14 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3706 (1976). During a hearing on the pending motions, held January 23, 1984 counsel for both Beers and Westinghouse volunteered in judicio that their respective costs and attorney's fees were considerably less than $10,000. Due to the fact that the court has found the Temporary Acceptance agreement's indemnification clause invalid, Westinghouse has no claim against Beers and Beers will not incur further expenses defending against Westinghouse. It is therefore clear that Beers cannot recover the jurisdictional amount required under 28 U.S.C. § 1331. Fed.R.Civ.P. 12(h)(3) states that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In the instant case it is admitted by Beers that its claim will not reach the jurisdictional

---

**1.** The offensive language in *Frazer* reads in relevant part:

Section 6.9: The City shall indemnify and save the Authority and Trustee harmless against and from *all claims* by and on behalf of any person, firm or corporation arising from the contract or management of or from any work or thing done on the project during the lease term.... (emphasis added).

Section 8.1: The City releases the Authority from, agrees that the Authority shall not be liable for, and agrees to hold the Authority harmless against any loss or damage to property, or any injury to or death of any person that may be occasioned by *any cause whatsoever pertaining to the project or the use thereof* .... (emphasis added).

amount. It therefore would appear, by the suggestion of one of the parties, that the court lacks subject matter jurisdiction over Beers' claim against Westinghouse, and therefore the court will not proceed further, thereby expending precious judicial resources, in the determination of an action wherein recovery cannot exceed the amount necessary for federal jurisdiction. *See, Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir.1971). Accordingly, the clerk is directed to dismiss Beers' counterclaim.

In summation, Beers' motion for summary judgment against Westinghouse is granted, and Beers' and Westinghouse's motions for summary judgment against the plaintiff are denied. Due to the failure of Beers' counterclaim on the third party complaint to exceed the jurisdictional amount, the court lacks jurisdiction to decide Beers' motion for partial judgment against Westinghouse, and therefore no ruling will be made upon that motion. The clerk is directed to dismiss Beers' counterclaim.

In light of the court's rulings on the pending motions, and at the request of counsel, the case is hereby removed from the trial calendar and discovery is extended to February 24, 1984. Plaintiff and Westinghouse shall submit a proposed pretrial order by March 9, 1984.