S95A0955. HAMSLEY et al. v. CITY OF UNADILLA et al.
(458 SE2d 627)

Fletcher, Justice.

The City of Unadilla bought two parcels of property and financed their purchase through secured promissory notes to Citizens Bank. Taxpayers challenged the debts as invalid and sought to enjoin their payment. The bank intervened to enforce payment. To resolve the dispute, the city sold one parcel for the outstanding principal amount and agreed to pay $30,000 and transfer the second parcel to the bank. The issue on appeal is whether the trial court properly approved the consent agreement between the city and bank that settled the bank's claims for monies owed on the notes. We affirm, concluding that the city acted in good faith in agreeing to give cash and property to the bank to settle their dispute.

The City of Unadilla acted within its legally delegated powers in voting to settle the bank's claim. The Georgia Code gives cities the discretion to manage and dispose of their property through their governing body so long as the council exercises its discretion in good faith.[1] In reviewing a city's exercise of its legally delegated powers, courts will not enjoin the council's decision unless it abuses its discretion or commits fraud.[2] This rule means that courts do not inquire into the economy or wisdom of a city's discretionary act when the city council has authority to commit the act.[3]

We conclude that the trial court correctly approved the consent agreement because the city did not abuse its discretion or commit fraud in settling the bank's claim. The city council acted in good faith in voting to pay $30,000 cash and convey property for which the bank held a deed to secure debt to settle its dispute with the bank.[4] The settlement agreement resolved a genuine dispute that the city had the possibility of losing, obligated the city to pay less money than the bank demanded, and avoided the payment of attorney fees to further defend against the bank's claim. Given the city's potential liability, we reject the taxpayers' argument that the illegality of the underlying notes means the city abused its discretion in paying the claim.[5]

The taxpayers also challenge the trial court's refusal to enjoin the city from paying the void notes. Because the taxpayers dismissed with

---

[1] OCGA § 36-30-2.

[2] *J. C. Lewis Motor Co. v. Mayor of Savannah*, 210 Ga. 591, 597 (82 SE2d 132) (1954); *Barr v. City Council of Augusta*, 206 Ga. 753 (58 SE2d 823) (1950); *Mayor &c. of Gainesville v. Dunlap*, 147 Ga. 344 (94 SE 247) (1917). But see *Dept. of Transp. v. Brooks*, 254 Ga. 303, 314 (328 SE2d 705) (1985) (suggesting that a court of equity will not enjoin the discretionary powers of municipal officers in a taxpayers' suit under the "weight of authority").

[3] *Chipstead v. Oliver*, 137 Ga. 483, 486 (73 SE 576) (1912).

[4] The taxpayers do not challenge the city's authority to convey the property.

[5] See *Butts County v. Jackson Banking Co.*, 129 Ga. 801, 811 (60 SE 149) (1908).

prejudice their previous appeals that raised this issue, we decline to address it in this appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1995.

*J. David Byars, Jr.,* for appellants.
*James C. Marshall, Lovick P. Anthony, Jr., Franklin T. Coleman III,* for appellees.